Phillip BEUTEL, Appellant,

v.

Wayne A. PAUL, Appellee.

No. B14–86–905–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 10, 1987.

Rehearing Denied Oct. 29, 1987.

Buddy Stevens, Angleton, Otto D. Hewitt, III, Douglas Poole, David E. Cowen, Galveston, for appellant.

Howard A. Lang, Jr., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a suit alleging wrongful garnishment. Appellee obtained a judgment against appellant for $79,-970.05 plus prejudgment interest at the rate of ten percent. There is error in the award of prejudgment interest and the judgment is modified to delete that award. The judgment as modified is affirmed.

Appellee is a CPA who prepared appellant's taxes and then went to work for him full-time in 1979. In 1981 appellant invested in an oil company and gave appellee five percent of his fifty-one percent interest as compensation for his accounting for the company. Appellee contends that it was understood that he would not be liable for

any corporate obligations. In return for the stock, appellee promised to vote his stock with appellant at all times. Both signed several promissory notes in connection with the corporation.

In 1984 Angleton Bank of Commerce sued on one of those notes. Appellee cross-claimed against appellant for indemnity. The Bank obtained a summary judgment jointly and severally against both for over $40,000. Appellee's cross-claim was severed and tried, and the trial court ruled that appellant must indemnify appellee.

Appellee had $76,615.90 in trust in St. Louis, Missouri. This was his share from the sale of a company owned by the parties hereto and others which was to be disbursed after other events occurred. Appellant had sued appellee in a separate suit involving the oil company venture and had attached the money in trust. The Bank garnished $47,669.29 of that money to satisfy the judgment the Bank had obtained against both men.

Appellee prevailed in the separate suit. However, the Bank had already obtained the $47,669.29. Appellant did not respond to demand letters that he repay that sum. Appellee then sued to recover the money with interest, exemplary and punitive damages and attorney's fees. The trial court denied the claim for exemplary and punitive damages but instructed a verdict against appellant for the sum of $47,669.29. The jury awarded an additional $32,300.76 in damages and a maximum of $34,100 for attorney's fees. The court disallowed the attorney's fees but entered a judgment for $79,970.05 plus interest at ten percent from February 2, 1984, until paid.

In point of error one, appellant challenges the legal and factual sufficiency of the evidence to support the finding of damages in answer to Special Issue No. 1. In point of error four, he argues that the trial court erred in entering judgment and denying a new trial since as a matter of law appellee suffered no loss by appellant's conduct.

Special Issue No. 1 asked the jury to find the amount of damages that would compensate appellee for the wrongful garnishment. The jury was instructed to exclude the garnished funds and attorney's fees and to include only interest paid or incurred and lost business opportunities proximately caused by the garnishment.

In reviewing a "no evidence" allegation, we must consider only the evidence and inferences that tend to support the findings and disregard any evidence and inferences to the contrary. *Dayton Hudson Corp. v. Altus*, 715 S.W.2d 670, 672 (Tex.App.— Houston [1st Dist.] 1986, writ ref'd n.r.e.), cert. dismissed, — U.S. ——, 107 S.Ct. 2471, 96 L.Ed.2d 364 (1987); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). When a factual sufficiency question is raised, all the evidence must be considered. *Dayton Hudson Corp.*, 715 S.W.2d at 672; *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Appellee's testimony concerning damages focused on his lost investment in a miniature golf course of $15,000 and incurred and unearned interest of $17,300.76. The jury awarded $32,300.76 (the sum of these amounts).

Appellee testified that he was part owner and had invested about $15,000 in the golf course. He was unable to meet the last three cash calls on the project and testified that he would have been able to maintain the investment had he had access to the garnished funds and not been required to pay attorney's fees.

Appellant argues that these were lost profits, and speculative without competent evidence to establish the amount of the loss with reasonable certainty. Although the special issue inquired about "lost business opportunities," the testimony concerned a lost investment for which money had been expended. There was no controverting evidence.

The lost interest claim of $17,300.76 was based on two figures. One was the interest of $16,315.79 on a second mortgage he was unable to pay at the planned time from such planned time to the date of trial. The other was for nine percent interest ($984.97) on the difference between the amount garnished and the amount he

would have used to pay the second mortgage. The two interest amounts total the $17,300.76 figure.

Appellant argues that these calculations are incorrect because they are based on a wrong garnishment date. The date used was mentioned several times without objection, and Special Issue No. 1 specifically referred to it as the date of garnishment without objection. Thus, this complaint is waived for failure to preserve error. Tex. R.App.P. 52(a); *PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex.1981); *see also* Tex.R.Civ.P. 272.

■ Appellant also argues that appellee was not to have access to the funds held in trust until April 1985; therefore, he could not have used the funds in February 1984. However, the testimony was clear that these were paid in March 1984. Appellant further alleges that appellee received at least $28,946.61 of the garnished funds in early 1985 and thus, in effect, is claiming lost interest on funds which had already been received. Appellee testified, however, that he used that money primarily to pay his monthly installment notes on the second lien, property taxes and legal fees. The evidence is sufficient to support the jury's finding of $32,300.76 in damages in answer to Special Issue No. 1. Points of error one and four are overruled.

In points of error two and three, appellant asserts that there was no evidence, or in the alternative, insufficient evidence that his conduct proximately caused appellee's loss or that the loss could have been reasonably foreseen. However, appellant waived his "no evidence" objection by failing to preserve it in his motion for new trial or by any other method. *See Salinas v. Fort Worth Cab & Baggage Co.*, 725 S.W.2d 701, 704–05 (Tex.1987). Appellant also waived the question of insufficiency of the evidence because he failed to raise it in his motion for new trial as required by Tex.R.Civ.P. 324(b)(2). *Griffin v. Rowden*, 702 S.W.2d 692, 694 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Points of error two and three are overruled.

In point of error five, appellant argues that the prejudgment interest award was an impermissible double recovery. In points of error six and seven, he argues that the wrong rate of interest was applied and that the wrong period of detention was used to calculate the interest.

■ The trial court awarded appellee interest on the total award (garnished funds plus damages) at the rate of ten percent from February 2, 1984, until paid. The proper measure of damages in a wrongful garnishment action is the actual damages sustained. Absent an award for actual damages, the measure of damages is the legal rate of interest on the money for the period of its wrongful detention. *Aetna Casualty and Surety Co. v. Raposa*, 560 S.W.2d 106, 110 (Tex.Civ.App.—Fort Worth 1977, writ dism'd by agr.). Here appellee was awarded actual damages. Thus, the alternate measure of damages should not have been used, and the award of ten percent interest was a double recovery. Point of error five is sustained and the award of prejudgment interest is stricken. It is unnecessary to address points of error six and seven.

In point of error eight, appellant argues that the trial court erred in entering judgment and in denying a new trial because his motion for mistrial should have been granted. During the direct examination of appellee, the following exchange took place:

Q To this date have you been paid any money?

A No, I have not.

Q Up until yesterday were you offered any money in this case?

A I was not.

Appellant immediately requested a mistrial, which the trial court took under advisement and later denied.

■ An offer in compromise and settlement is improper and inadmissible as evidence. *Parks v. Benson Co., Builders*, 393 S.W.2d 700, 703 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n.r.e.); *see also* Tex.R.Evid. 408. However, the error is usually curable by an instruction from the trial court to disregard. *Parks*, 393 S.W.2d at 703. Ap-

pellant did not object to the testimony but instead moved for a mistrial.

■ Also, this evidence was not reasonably calculated to cause an improper verdict. It is not clear whether a settlement offer was actually made. Also, appellant was probably prejudiced more by the fact that he had wrongfully attached appellee's funds. The testimony suggests that it was through appellant that the Bank found out about the existence of the funds in trust and was able to attach them to satisfy a judgment for which both parties were jointly and severally liable. The admission of this evidence, if error, was harmless. Point of error eight is overruled.

Appellee brings two cross-points on appeal. He first argues that the trial court erred in granting appellant's motion for instructed verdict on the punitive and exemplary damages issue because there was sufficient evidence to warrant its submission.

■ To justify recovery of exemplary damages in a wrongful garnishment case, the garnishment must have been without probable cause and with malice. *O'Hara v. Ferguson Mack Truck Co.*, 373 S.W.2d 507, 510 (Tex.Civ.App.—San Antonio 1963, writ ref'd n.r.e.); *see also Duke v. Power Electric and Hardware Co.*, 674 S.W.2d 400, 404 (Tex.App.—Corpus Christi 1984, no writ). The fact that appellant lost the suit is not itself evidence that he acted without probable cause. No other evidence was introduced concerning lack of probable cause. There was also no evidence of malice. Whether appellant had the ability to repay the money garnished by the Bank and refused to respond to appellee's demand letter is not relevant to the issue of appellant's actions concerning the attachment itself. An instructed verdict is warranted when the evidence conclusively demonstrates that no other verdict could be rendered. *Bywaters v. Gannon*, 686 S.W.2d 593, 595 (Tex.1985). The first cross-point is overruled.

■ In his second cross-point, appellee challenges the trial court's denial of the attorney's fees awarded by the jury. Un-

der Texas law attorney's fees are not recoverable as actual damages in a wrongful garnishment suit. *Raposa*, 560 S.W.2d at 112; *Stevens v. Simmons*, 61 S.W.2d 122, 126 (Tex.Civ.App.—El Paso 1933, no writ). They appear to be recoverable under Missouri law. *Talbott v. Great Western Plaster Co.*, 151 Mo.App. 538, 132 S.W. 15 (1910). However, Missouri law does not apply to this case. *Wiley v. Traiwick*, 14 Tex. 662 (1855) does not apply. There the issue was whether an attachment issued in Louisiana was justifiable. The *Wiley* court stated that the forms of an attachment proceeding must be tested by the laws of the state in which it was issued. However, the court also stated that the question of whether the attachment was wrongful is for the determination of the court, domestic or foreign, in which the question arose. *Id.* at 671–72. Attorney's fees were not addressed in *Wiley*. If a Texas court tries a wrongful garnishment case under Texas law between Texas residents involving a Texas business relationship, Texas law governing attorney's fees applies. The second cross-point is overruled.

The judgment of the trial court is affirmed except for the elimination of prejudgment interest. Furthermore, appellee's Motion for Leave to File a Supplemental Transcript is granted and appellant's corresponding motion to strike is denied.