**ALLSTATE INSURANCE COMPANY, Cynthia Cabaza, and Diana Guerra, Relators,**

v.

**Honorable Joe B. EVINS, Judge, 206th Judicial District Court, Hidalgo County, Texas, Respondent.**

No. 13–95–030–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1995.

Rehearing Overruled March 30, 1995.

848

William L. Hubbard, Dale & Klein, McAllen, for Relators.

John B. Skaggs, Skaggs & Reyna, McAllen, for Real Parties in Interest.

Before SEERDEN, C.J., and HINOJOSA and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Allstate Insurance Company and its adjusters, Cynthia Cabaza and Diana Guerra, bring this mandamus action to the trial court to sever contractual from extra-contractual claims brought against them by Rene Cano and Jose Luis Barrera, in a lawsuit involving an auto collision. We deny mandamus relief.

Cano and Barrera sustained injuries in a collision with an uninsured motorist and made claim for benefits from Allstate based on their uninsured motorist policy. After negotiation failed to produce an acceptable settlement, Cano and Barrera brought suit against Allstate both under the terms of the insurance agreement and for extra-contractual causes of action for breach of the duty of good faith and fair dealing, violations of the Insurance Code and DTPA, and for negligence and fraud.

■ Allstate moved to sever the contractual from the extra-contractual causes of action on the ground that it had made settlement offers on the policy that would be highly prejudicial to its defense of the contract claims, but necessary to its defense of the extra-contractual bad faith claims. The trial court refused to sever.

Texas Rule of Civil Procedure 41 provides generally for severance of improperly joined parties and claims and grants the trial court broad discretion in the matter of severance and consolidation of causes. *Guaranty Federal Savings Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990) (on motion for rehearing); *Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 191 (Tex.App.—Corpus Christi 1993, orig. proceeding). A claim is properly severable if 1) the controversy involves more than one cause of action, 2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and 3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. The controlling reasons for a severance are to do justice, avoid prejudice and further convenience. *Guaranty*, 793 S.W.2d at 658.

■ Although the trial court has broad discretion in determining whether or not to sever causes of action, when all the facts and circumstances of the case unquestionably require a severance or separate trials to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced

thereby, there is no room for the exercise of discretion and the trial court has a duty to order a severance or separate trials. *Hunter*, 865 S.W.2d at 192; *United States Fire Insurance Co. v. Millard*, 847 S.W.2d 668, 671–72 (Tex.App.—Houston [1st Dist.] 1993, original proceeding); *see also Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 683 (1956); *St. Paul Insurance Co. v. McPeak*, 641 S.W.2d 284, 289 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (on motion for rehearing).

Applying these principles to cases in which the plaintiff has joined causes of action on an insurance contract with extra-contractual claims for breach of the insurer's duty of good faith and fair dealing, several courts of appeals have now held that the trial court is required to sever the contract from the bad faith causes of action when there is evidence of settlement offers or privileged communications which are admissible in one action but highly prejudicial in the other. *See Millard* (uninsured motorist); *State Farm Mutual Automobile Insurance Co. v. Wilborn*, 835 S.W.2d 260 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding) (uninsured motorist)[1]; *see also Progressive County Mutual Insurance Co. v. Parks*, 856 S.W.2d 776 (Tex. App.—El Paso 1993, orig. proceeding) (casualty loss); *F.A. Richard and Associates v. Millard*, 856 S.W.2d 765 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding) (automobile liability).

Texas Rule of Civil Evidence 408 provides generally that evidence of settlement offers and negotiation is not admissible to prove liability or amount of damages in connection with the claim being settled or negotiated; however, settlement offers and negotiation may be admitted for other purposes than to prove or disprove liability for the claim at issue. *See Automobile Ins. Co. of Hartford Connecticut v. Davila*, 805 S.W.2d 897, 910 (Tex.App.—Corpus Christi 1991, writ denied); *Haney v. Purcell Co.*, 796 S.W.2d 782, 789 (Tex.App.—Houston [1st Dist.] 1990, writ denied); *Portland Sav. & Loan Ass'n v.*

*Bernstein*, 716 S.W.2d 532, 537 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

It has long been the law in this State that offers of settlement and compromise are excluded in order to allow a party to buy his peace and encourage settlement of claims outside of the courthouse. *Wilborn*, 835 S.W.2d at 261; *see also International & G.N.R. Co. v. Ragsdale*, 67 Tex. 24, 2 S.W. 515 (1886). Offers to settle are also excluded from evidence on the grounds that such evidence does not represent a party's actual position, but is an amount he is willing to give or take to avoid the expense or annoyance of litigation. *Wilborn*, 835 S.W.2d at 261; *Krenek v. S. Texas Elec. Co-op., Inc.*, 502 S.W.2d 605, 609 (Tex.Civ.App.—Corpus Christi 1973, no writ).

In the present context, *Wilborn* and the cases that have followed it suggest that contract and bad faith claims may not be fairly tried together because of the compromising position in which the insurer is placed. In connection with his defense against the contract claim, evidence of an offer of settlement would be prejudicial to the insurer because of its implication that the insurer has admitted liability, at least to the extent of the settlement offer. However, the very same evidence of settlement offers may be of great benefit to the insurance company in its defense against the bad faith claims, to show that it made a reasonable attempt to pay the amount that it believed it owed on its insured's claim. *See Hunter*, 865 S.W.2d at 193–94.

The *Wilborn* court concluded that the trial court had no discretion but to sever the contract claim from the non-contractual claims. Moreover, *Wilborn* disagreed with the contention of the plaintiff/insured that the insurer's interests could be adequately protected by giving a limiting instruction to the jury not to interpret evidence of a settlement offer as an admission of liability in the contract cause of action:

*Progressive*, finding no general prohibition against trying contract and bad faith claims together. *Hunter*, 865 S.W.2d at 193; *see also Arnold v. National County Mutual Fire Insurance Co.*, 725 S.W.2d 165, 168 n. 1 (Tex.1987).

---

**1.** Although the Houston Courts of Appeals in *Millard* and *Wilborn* suggest that severance is required in every case by the very nature of the claims involved, we rejected this approach in *Hunter*, as did the El Paso Court of Appeals in

[A jury instruction on how to consider evidence of the offer of settlement] simply is not sufficient to prevent the prejudice of relator's substantial right in the uninsured motorist clause not to have evidence of a settlement offer interpreted as an admission of liability. The resolution of this conflict leaves but one decision to protect all interests involved and that is to order severance of the two causes of action and to abate the proceedings on the bad faith claim until final disposition of the uninsured motorist claim.

*Wilborn* 835 S.W.2d at 262. We disagree.[2]

We are unwilling to hold that such an instruction would not be followed by the jury or that the situation created here is so prejudicial to the insurance company that a severance is always required. The jury is generally trusted to follow the instructions of the trial court and to disregard or limit its consideration of the evidence according to those instructions. Specifically, it has been held that even the improper mention of a settlement offer during trial is usually curable by an instruction from the trial court to disregard. *Beutel v. Paul,* 741 S.W.2d 510, 513 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Parks v. Benson Co., Builders,* 393 S.W.2d 700, 703 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n.r.e.); *see also Birchfield v. Texarkana Memorial Hosp.,* 747 S.W.2d 361, 365 (Tex.1987). We see no reason to assume that the jury would not similarly follow an instruction limiting their consideration of settlement offers to the determination of the bad faith claims.

Accordingly, we hold that, in such cases as the present, the decision whether to sever should be left generally to the sound discretion of the trial court. *See Guaranty,* 793 S.W.2d at 658; *Hunter,* 865 S.W.2d at 191. We deny mandamus relief and hereby lift the temporary stay we earlier imposed on the underlying litigation.

---

**2.** Because in *Hunter* the party seeking severance failed to prove that any specific prejudicial settlement offers had been made, we did not there decisively address the underlying duty of the trial court to sever. In the present case, however, Allstate clearly presented evidence of substantial settlement offers that would require severance were we to follow *Wilborn.*