**TEXAS FARMERS INSURANCE COMPANY, Relator,**

v.

**Hon. Robert M. STEM, Judge, 82nd District Court, Robertson County, Texas, Respondent.**

**No. 10–96–027–CV.**

Court of Appeals of Texas,
Waco.

April 3, 1996.

Wayne T. Rife & Alice Whitten–McCracken, West, Webb, Allbritton & Gentry, P.C., Bryan, for Relator.

Bryan F. Russ, Jr. & Molly A. Hedrick, Palmos, Russ, McCullough & Russ, L.L.P. Hearne, for Real Parties in Interest.

Daniel K. Hedges, Warren W. Harris & Charles C. Correll, Jr., Porter & Hedges, L.L.P., Houston, for amicus curiae Texas Association of Defense Counsel.

Before CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

In the underlying cause, Real Parties in Interest, Norma and Lenard Millsap (the Millsaps), sued Relator, Farmers Insurance Company d/b/a The Farmers Insurance Group and David White (hereafter Farmers), for breach of contract and bad faith. Farmers urges us to order Respondent, the Honorable Robert M. Stem, to (1) vacate his denial of its motion for severance and plea in abatement; (2) enter an order severing the

Millsaps' bad faith claim from its breach of contract claim; and (3) abate the bad faith claim until the contract claim has been fully litigated. We conditionally grant the writ.

## I. PROCEDURAL AND FACTUAL BACKGROUND

According to the Real Parties in Interest, Norma Millsap sustained serious bodily injuries on January 24, 1990, when the motor vehicle which she was driving was struck by a pick-up truck driven by Edward Harrison Bush, III, an underinsured motorist. Once the Millsaps recovered from Bush's insurance company the maximum amount of his coverage, they filed a claim with Farmers, with whom they had an underinsured-motorist policy, for the remainder of the compensation they contended Norma was due for her injuries. Upon receipt of the Millsaps' claim, Farmers offered the Millsaps the amount of money it believed due them under the terms of the policy. The Millsaps found the offer grossly inadequate and brought suit against Farmers for breach of contract and bad faith in attempting to reach a settlement. On May 26, 1995, Farmers filed a motion to sever and to abate the Millsaps' bad faith claim from the breach of contract claim. Respondent initially denied the motion on November 20, 1995. Subsequent to the court's denial of the motion, the Millsaps attempted to discover information from Farmers on the bad faith claim. Farmers then filed an amended motion to sever and abate on November 29, 1995, and approximately two weeks later presented to the trial court *in camera* documents concerning the settlement offers that had been tendered to the Millsaps. Respondent denied the amended motion on January 12, 1996.

## II. THE LAW ON MANDAMUS

Mandamus is an extraordinary remedy available only in limited circumstances, and a writ of mandamus will not issue if there is an adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *Mid–Century Ins. Co. of Texas v. Lerner,* 901 S.W.2d 749, 751 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). In a mandamus proceeding, therefore, the court must determine whether: (1)

the relator has an adequate remedy by appeal; and (2) the trial court abused its discretion in entering the order under complaint. *Plaza Court, Ltd. v. West,* 879 S.W.2d 271, 275 (Tex.App.—Houston [14th Dist.] 1994, orig. proceeding). Relator bears the burden of showing an abuse of discretion as well as the inadequacy of a remedy by appeal. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994).

A trial court abuses its discretion if it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker,* 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). In other words, a trial court abuses its discretion if it acts without reference to any guiding rules or principles of law. *Plaza Court,* 879 S.W.2d at 275 (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985)). A determination of factual matters is within the sound discretion of the trial court, and the appellate court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839. However, appellate review of a trial court's legal analysis or its application of the law to the facts is much less deferential. *Id.* at 840. A trial court's failure to analyze the law properly or to apply it properly to the facts will constitute an abuse of discretion. *Id.*

## III. THE LAW ON SEVERANCE

A separate trial of any claim or issue may be ordered by the court in furtherance of convenience or to avoid prejudice. TEX. R.CIV.P. 174(b). A trial court has broad discretion in the matter of severance of causes, and the trial court's action thereon will not be disturbed on appeal except for an abuse of that discretion. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 734 (Tex. 1984); *see* TEX.R.CIV.P. 174(b).

Although the trial court has broad discretion in determining whether or not to sever causes of action, "[w]hen all the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary

conclusion, and the legal rights of the parties will not be prejudiced thereby, there is no room for the exercise of discretion." *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 671 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding) (quoting *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956)). "The rule then is peremptory in operation and imposes upon the court a duty to order a separate trial." *Id.* at 671–72 (emphasis omitted).

█ The issue before this court is a narrow one: whether a trial court must, upon request, sever and abate a bad faith claim from a breach of contract claim where the bad faith claim is based entirely upon the alleged inadequacy of settlement offers tendered by the defendant in an effort to release itself from any alleged obligations under the contract. We conclude that it must.

## IV. BREACH OF CONTRACT V. BAD FAITH

While the Supreme Court is yet to address this issue, several intermediate courts have and their decisions essentially fall into two different categories. The first line of cases, represented by the seminal case of *State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding), holds that the severance and abatement must be ordered because of a cruel dilemma the defendant

would necessarily face if they were not. *Id.* at 261–62. Under TEX.R.CIV.EVID. 408, settlement offers are not admissible to prove liability for, or invalidity of, a claim or its amount. Farmers, then, in defending the breach of contract claim, may wish to avoid the appearance of having admitted liability and invoke the authority of Rule 408 to prevent the disclosure of the settlement offers it tendered to the Millsaps. At the same time, however, evidence of the settlement offers, in addition to being essential to the Millsaps' prosecution of its bad faith claim, may be necessary to Farmers' defense against it.

█ The *Wilborn* Court held that defendants in a position such as Farmers' should not be required to face this dilemma and concluded that the trial court was obligated to order the severance.[1] *Id.* at 262. The Fourteenth Court has since followed *Wilborn* on three separate occasions, and the First Court has also adopted *Wilborn* as a correct statement of the law. *Lerner,* 901 S.W.2d at 752; *Northwestern Nat'l Lloyds Ins. Co. v. Caldwell,* 862 S.W.2d 44, 46–47 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); *F.A. Richard & Assoc. v. Millard,* 856 S.W.2d 765, 767 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding); *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding).[2]

---

1. The *Wilborn* court in reaching its conclusion that severance was proper also considered the potential adverse effect upon the plaintiff in trying its bad faith claim if the trial court should not permit any evidence of the settlement offers to be admitted. *State Farm Mut. Auto. Ins. Co. v. Wilborn,* 835 S.W.2d 260, 262 (Tex.App.—Houston [14th Dist.] 1992, orig. proceeding). It appears, however, that as long as the causes remained consolidated the defendant, under TEX.R.CIV.EVID. 408, would be able to prevent any such evidence from being admitted. *See Allstate Ins. Co. v. Hunter,* 865 S.W.2d 189, 193 (Tex.App.—Corpus Christi 1993, orig. proceeding). Notwithstanding any possible prejudice the Millsaps might face if the causes remain consolidated, we will consider only the prejudice Farmers faces in making our decision.

2. The El Paso Court of Appeals has also expressed its agreement with the holding in *Wilborn. Texas Farmers Ins. Co. v. Cooper,* 916 S.W.2d 698, 700–01 (Tex.App—El Paso 1996, orig. proceeding); *Progressive County Mut. Ins. Co. v. Parks,* 856 S.W.2d 776, 778, 780 (Tex.

App.—El Paso 1993, orig. proceeding). The El Paso Court, however, has further held that, despite the granting of a severance, an abatement order would not be required until the defendant could show that actual prejudice would result from continued activity on the bad faith cause. *Cooper,* 916 S.W.2d at 700–01, 702–03 (Court would not order severance at pretrial discovery portion of the litigation unless the relator/defendant was able to demonstrate prejudice thereby); *see Progressive County Mut. Ins. Co. v. Parks,* 856 S.W.2d 780, 782 (Tex.App.—El Paso 1993, orig proceeding) (Court refused to order the trial court to try the breach of contract before the bad faith claim where the relator/defendant did not show that such would cause prejudice to him); *contra Mid–Century Ins. Co. of Texas v. Lerner,* 901 S.W.2d 749, 752 n. 1 (Tex.App.—Houston [14th Dist.] 1995, orig. proceeding); *United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.] 1993, orig. proceeding). There is no need for us to decide whether we should follow this line of cases because, under the facts of the case before us, Farmers would nevertheless be immediately

The second line of cases is represented exclusively by *Allstate Ins. Co. v. Evins*, 894 S.W.2d 847 (Tex.App.—Corpus Christi 1995, orig. proceeding). The *Evins* Court agreed with *Wilborn* and its progeny that the defendant would necessarily be prejudiced in his defense of the plaintiff's contract claim if evidence of settlement offers was admitted, but held, in direct disagreement with *Wilborn*, that the damaging effect of settlement-offer evidence can be sufficiently neutralized by a limiting instruction. *Id.* at 849–50. In reaching its conclusion that a limiting instruction would adequately protect the defendant, the *Evins* Court relied upon cases which held that the improper mentioning of a settlement offer during trial is usually curable by an instruction to disregard. *Id.* at 850 (citing *Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361, 365 (Tex.1987); *Beutel v. Paul*, 741 S.W.2d 510, 513 (Tex.App.—Houston [14th Dist.] 1987, no writ); *Parks v. Benson Co., Builders*, 393 S.W.2d 700, 703 (Tex.Civ.App.—Fort Worth 1965, writ ref'd n.r.e.)). Therefore, held the court, if a limiting instruction is given, no severance would be required, and a trial court could not be said to have abused its discretion in refusing to grant the party's motion to sever. *See id.*

We agree with *Wilborn* and *Evins* that the defendant would necessarily be prejudiced in his defense of the plaintiff's contract claim if evidence of settlement offers was admitted. *Evins*, 894 S.W.2d at 849; *Wilborn*, 835 S.W.2d at 262. We fail to find persuasive, however, the reasoning of the *Evins* Court that a limiting instruction can provide adequate protection to the defendant if the claims are tried together. The cases upon which *Evins* relied involved incidental or passing comments on previously made settlement offers. *Birchfield*, 747 S.W.2d at 365

(error was harmless where there were several passing remarks at various stages of the trial with one being objected to and an instruction to disregard subsequently given); *Beutel*, 741 S.W.2d at 513 (error was harmless where there was a question propounded about whether a settlement offer had been made to the plaintiff, to which the response was in the negative); *Parks*, 393 S.W.2d at 703 (testimony about a settlement offer was not reversible error where it was mentioned only once and review of entire record revealed that it probably had no effect on the judgment). There is a significant difference between a limiting instruction and an instruction to disregard. A jury is much better able to completely put a piece of evidence out of its collective head than it is to parse out the ways in which it can be considered and the ways in which it cannot. This is especially true in cases like the one before us where one of the plaintiff's causes of action is based exclusively upon the offers in settlement that were tendered. The presumption inherent in Rule 408 that jurors will be extremely prejudiced against the defendant if offers of settlement are admitted is compelling. In sum, we agree with *Wilborn* that a limiting instruction would be inadequate to sufficiently insulate the defendant against any prejudice resulting from the admission of the settlement offers. *Wilborn*, 835 S.W.2d at 262; *see also Progressive County Mut. Ins. Co. v. Parks*, 856 S.W.2d 776, 780 (Tex.App.—El Paso 1993, orig. proceeding).[3]

We further hold that the trial court's failure to sever left Farmers without an adequate remedy by appeal and, therefore, conclude that Farmers is entitled to relief by writ of mandamus. *See Lerner*, 901 S.W.2d at 753; *Wilborn*, 835 S.W.2d at 262. We

---

prejudiced if the bad faith claim was not abated. When the Millsaps attempted to obtain from Farmers their documents relating to the settlement offers, which contain information discoverable under the bad faith claim but irrelevant to the breach of contract claim, Farmers was faced with the same dilemma that *Wilborn* found to require a severance and abatement if the causes were tried together—that of deciding whether to forgo its privilege to prevent admission of the settlement offers or to allow their admission to defend itself against the bad faith claim. *See Cooper*, 916 S.W.2d at 702 n. 4.

3. The Millsaps also contend that we should deny mandamus relief because Farmers failed to attach to its mandamus petition a properly authenticated record of the relevant trial court proceedings. *See* Tex.R.App.P. 121(a)(2)(C). Notwithstanding whether the Millsaps' contention is valid, Farmers timely filed a complete and satisfactory record by the time of submission.

direct Respondent to: (1) vacate his order of January 12, 1996, denying Farmers' motion to sever and abate the bad faith claim from the contract claim; (2) grant Farmers' motion of May 26, 1995, to sever and abate; (3) sever the Millsaps' bad faith claim from the contract claim; and (4) abate all proceedings on the Millsaps' bad faith claim pending full and final resolution of the breach of contract claim. The writ of mandamus is conditionally granted and will issue only if Respondent fails to comply with the decision of this court.