58 S.W.3d 321 (2001)
In re TRAVELERS LLOYDS INSURANCE COMPANY.
No. 10-01-360-CV.
Court of Appeals of Texas, Waco.
November 1, 2001.
*322 Robert C. Tarics, Michael Branisa, Tarics & Carrington, P.C., Houston, for appellant.
Before Chief Justice DAVIS, Justices VANCE and GRAY.

MEMORANDUM OPINION
BILL VANCE, Justice.
Our Supreme Court has rejected "an inflexible rule that would deny the trial court all discretion and ... require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice." Liberty Nat. Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex.1996) (orig.proceeding). Thus, the question of whether to sever and abate lies within the discretion of the trial judge. Id.
Our decision to deny the petition for a writ of mandamus in this instance is based primarily on two factors. First, unlike the situation in Texas Farmers Ins. Co. v. Stem, 927 S.W.2d 76 (Tex.App.Waco 1996, orig. proceeding), there will not be a trial on the breach-of-contract issues-those are the subject of a partial summary judgment in favor of the insured. Second, unlike the situation in Mid-Century Ins. Co. of Texas v. Lerner, 901 S.W.2d 749 (Tex.App.Houston [14th Dist.], orig. proceeding), the record before us indicates little likelihood that, were the breach-of-contract issues to be appealed and reversed, the claim would be remanded for trial. It appears that the damages are liquidated in one of two amounts: $384,313.72, if the "other insurance" clause allows the company to prorate the loss, or $700,000, if the insured is entitled to the full policy limits. The question appears to be one of law.
The petition for writ of mandamus is denied. Relator's motion for temporary emergency relief is also denied.
Justice GRAY dissenting.
TOM GRAY, Justice, dissenting.
My colleagues focus on only one aspect of this mandamus. They essentially ignore the prospect of having to waive the attorney client privilege or waive the use of evidence critical for its defense. In this petition for writ of mandamus, Travelers has argued that if it is put to trial on the extra-contractual issues that it will be forced to make a choice. Travelers must either choose to waive the attorney client privilege that exist with regard to communications with its coverage attorney, or assert the privilege and forego the use of the very evidence that will explain to the jury the actions for which it is being sued. Where the law will allow, litigants should not be forced to such a choice.
The fact that there may be "little likelihood" that the contractual issues will lead to a factual dispute, because "it appears" the damages are liquidated, are of no comfort to a litigant which may have to choose between waiving one of the most fundamental rights of our legal systemthe attorney client privilegeor availing itself of all available evidence to defend itself. I have not concluded that I would grant the petition, but I do believe that this petition presents substantive issues not resolved by Liberty National and would request a response *323 before taking any action on the petition. See Liberty Nat. Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex.1996). Accordingly, I would stay discovery on the extra-contractual issues until the petition is decided.