IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00267-CR

 

in re santiago delgado

 

 



MEMORANDUM Opinion



 

The petition for writ of mandamus is denied, and
the motion for emergency relief is dismissed as moot.

 

FELIPE REYNA

Justice

 

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Petition
denied; motion for emergency relief dismissed as moot

Opinion
delivered and filed August 17, 2009

Do
not publish

[CR25]






\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-027-CV

        TEXAS FARMERS INSURANCE COMPANY,

                                                                              Relator
        v.

        HON. ROBERT M. STEM, JUDGE, 82ND DISTRICT
        COURT, ROBERTSON COUNTY, TEXAS,

                                                                              Respondent
 

 Original Proceeding
                                                                                                    

O P I N I O N
                                                                                                    

          In the underlying cause, Real Parties in Interest, Norma and Lenard Millsap (the Millsaps),
sued Relator, Farmers Insurance Company d/b/a The Farmers Insurance Group and David White
(hereafter Farmers), for breach of contract and bad faith. Farmers urges us to order Respondent,
the Honorable Robert M. Stem, to (1) vacate his denial of its motion for severance and plea in
abatement; (2) enter an order severing the Millsaps' bad faith claim from its breach of contract
claim; and (3) abate the bad faith claim until the contract claim has been fully litigated. We
conditionally grant the writ.
I. Procedural and Factual Background
          According to the Real Parties in Interest, Norma Millsap sustained serious bodily injuries
on January 24, 1990, when the motor vehicle which she was driving was struck by a pick-up truck
driven by Edward Harrison Bush, III, an underinsured motorist. Once the Millsaps recovered
from Bush's insurance company the maximum amount of his coverage, they filed a claim with
Farmers, with whom they had an underinsured-motorist policy, for the remainder of the
compensation they contended Norma was due for her injuries. Upon receipt of the Millsaps'
claim, Farmers offered the Millsaps the amount of money it believed due them under the terms
of the policy. The Millsaps found the offer grossly inadequate and brought suit against Farmers
for breach of contract and bad faith in attempting to reach a settlement. On May 26, 1995,
Farmers filed a motion to sever and to abate the Millsaps' bad faith claim from the breach of
contract claim. Respondent initially denied the motion on November 20, 1995. Subsequent to the
court's denial of the motion, the Millsaps attempted to discover information from Farmers on the
bad faith claim. Farmers then filed an amended motion to sever and abate on November 29, 1995,
and approximately two weeks later presented to the trial court in camera documents concerning
the settlement offers that had been tendered to the Millsaps. Respondent denied the amended
motion on January 12, 1996.
II. The Law on Mandamus
          Mandamus is an extraordinary remedy available only in limited circumstances, and a writ
of mandamus will not issue if there is an adequate remedy by appeal. Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992); Mid-Century Ins. Co. of Texas v. Lerner, 901 S.W.2d 749, 751
(Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). In a mandamus proceeding, therefore,
the court must determine whether: (1) the relator has an adequate remedy by appeal; and (2) the
trial court abused its discretion in entering the order under complaint. Plaza Court, Ltd. v. West,
879 S.W.2d 271, 275 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding). Relator bears
the burden of showing an abuse of discretion as well as the inadequacy of a remedy by appeal. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).
          A trial court abuses its discretion if it reaches a decision "so arbitrary and unreasonable as
to amount to a clear and prejudicial error of law." Walker, 827 S.W.2d at 839 (quoting Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)). In other words, a trial court
abuses its discretion if it acts without reference to any guiding rules or principles of law. Plaza
Court, 879 S.W.2d at 275 (citing Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985)). A determination of factual matters is within the sound discretion of the trial
court, and the appellate court may not substitute its judgment for that of the trial court. Walker,
827 S.W.2d at 839. However, appellate review of a trial court's legal analysis or its application
of the law to the facts is much less deferential. Id. at 840. A trial court's failure to analyze the
law properly or to apply it properly to the facts will constitute an abuse of discretion. Id.
III. The Law on Severance
          A separate trial of any claim or issue may be ordered by the court in furtherance of
convenience or to avoid prejudice. Tex. R. Civ. P. 174(b). A trial court has broad discretion in
the matter of severance of causes, and the trial court's action thereon will not be disturbed on
appeal except for an abuse of that discretion. Morgan v. Compugraphic Corp., 675 S.W.2d 729,
734 (Tex. 1984); see Tex. R. Civ. P. 174(b).
          Although the trial court has broad discretion in determining whether or not to sever causes
of action, "[w]hen all the facts and circumstances of the case unquestionably require a separate
trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to
support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby,
there is no room for the exercise of discretion." United States Fire Ins. Co. v. Millard, 847
S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (quoting Womack v.
Berry, 156 Tex. 44, 291 S.W.2d 677, 683 (1956)). "The rule then is peremptory in operation and
imposes upon the court a duty to order a separate trial." Id. at 671-72 (emphasis omitted).
          The issue before this court is a narrow one: whether a trial court must, upon request, sever
and abate a bad faith claim from a breach of contract claim where the bad faith claim is based
entirely upon the alleged inadequacy of settlement offers tendered by the defendant in an effort to
release itself from any alleged obligations under the contract. We conclude that it must.
IV. Breach of Contract v. Bad Faith
          While the Supreme Court is yet to address this issue, several intermediate courts have and
their decisions essentially fall into two different categories. The first line of cases, represented
by the seminal case of State Farm Mut. Auto. Ins. Co. v. Wilborn, 835 S.W.2d 260 (Tex.
App.—Houston [14th Dist.] 1992, orig. proceeding), holds that the severance and abatement must
be ordered because of a cruel dilemma the defendant would necessarily face if they were not. Id.
at 261-62. Under Tex. R. Civ. Evid. 408, settlement offers are not admissible to prove liability
for, or invalidity of, a claim or its amount. Farmers, then, in defending the breach of contract
claim, may wish to avoid the appearance of having admitted liability and invoke the authority of
Rule 408 to prevent the disclosure of the settlement offers it tendered to the Millsaps. At the same
time, however, evidence of the settlement offers, in addition to being essential to the Millsaps'
prosecution of its bad faith claim, may be necessary to Farmers' defense against it.
          The Wilborn Court held that defendants in a position such as Farmers' should not be
required to face this dilemma and concluded that the trial court was obligated to order the
severance.


 Id. at 262. The Fourteenth Court has since followed Wilborn on three separate
occasions, and the First Court has also adopted Wilborn as a correct statement of the law. Lerner,
901 S.W.2d at 752; Northwestern Nat'l Lloyds Ins. Co. v. Caldwell, 862 S.W.2d 44, 46-47 (Tex.
App.—Houston [14th Dist.] 1993, orig. proceeding); F.A. Richard & Assoc. v. Millard, 856
S.W.2d 765, 767 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding); United States Fire Ins.
Co. v. Millard, 847 S.W.2d 668, 673 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding).



          The second line of cases is represented exclusively by Allstate Ins. Co. v. Evins, 894
S.W.2d 847 (Tex. App.—Corpus Christi 1995, orig. proceeding). The Evins Court agreed with
Wilborn and its progeny that the defendant would necessarily be prejudiced in his defense of the
plaintiff's contract claim if evidence of settlement offers was admitted, but held, in direct
disagreement with Wilborn, that the damaging effect of settlement-offer evidence can be
sufficiently neutralized by a limiting instruction. Id. at 849-50. In reaching its conclusion that
a limiting instruction would adequately protect the defendant, the Evins Court relied upon cases
which held that the improper mentioning of a settlement offer during trial is usually curable by an
instruction to disregard. Id. at 850 (citing Birchfield v. Texarkana Memorial Hosp., 747 S.W.2d
361, 365 (Tex. 1987); Beutel v. Paul, 741 S.W.2d 510, 513 (Tex. App.—Houston [14th Dist.]
1987, no writ); Parks v. Benson Co., Builders, 393 S.W.2d 700, 703 (Tex. Civ. App.—Fort
Worth 1965, writ ref'd n.r.e.)). Therefore, held the court, if a limiting instruction is given, no
severance would be required, and a trial court could not be said to have abused its discretion in
refusing to grant the party's motion to sever. See id.
          We agree with Wilborn and Evins that the defendant would necessarily be prejudiced in his
defense of the plaintiff's contract claim if evidence of settlement offers was admitted. Evins, 894
S.W.2d at 849; Wilborn, 835 S.W.2d at 262. We fail to find persuasive, however, the reasoning
of the Evins Court that a limiting instruction can provide adequate protection to the defendant if
the claims are tried together. The cases upon which Evins relied involved incidental or passing
comments on previously made settlement offers. Birchfield, 747 S.W.2d at 365 (error was
harmless where there were several passing remarks at various stages of the trial with one being
objected to and an instruction to disregard subsequently given); Beutel, 741 S.W.2d at 513 (error
was harmless where there was a question propounded about whether a settlement offer had been
made to the plaintiff, to which the response was in the negative); Parks, 393 S.W.2d at 703
(testimony about a settlement offer was not reversible error where it was mentioned only once and
review of entire record revealed that it probably had no effect on the judgment). There is a
significant difference between a limiting instruction and an instruction to disregard. A jury is
much better able to completely put a piece of evidence out of its collective head than it is to parse
out the ways in which it can be considered and the ways in which it cannot. This is especially true
in cases like the one before us where one of the plaintiff's causes of action is based exclusively
upon the offers in settlement that were tendered. The presumption inherent in Rule 408 that jurors
will be extremely prejudiced against the defendant if offers of settlement are admitted is
compelling. In sum, we agree with Wilborn that a limiting instruction would be inadequate to
sufficiently insulate the defendant against any prejudice resulting from the admission of the
settlement offers. Wilborn, 835 S.W.2d at 262; see also Progressive County Mut. Ins. Co. v.
Parks, 856 S.W.2d 776, 780 (Tex. App.—El Paso 1993, orig. proceeding).



          We further hold that the trial court's failure to sever left Farmers without an adequate
remedy by appeal and, therefore, conclude that Farmers is entitled to relief by writ of mandamus. 
See Lerner, 901 S.W.2d at 753; Wilborn, 835 S.W.2d at 262. We direct Respondent to: (1)
vacate his order of January 12, 1996, denying Farmers' motion to sever and abate the bad faith
claim from the contract claim; (2) grant Farmers' motion of May 26, 1995, to sever and abate;
(3) sever the Millsaps' bad faith claim from the contract claim; and (4) abate all proceedings on
the Millsaps' bad faith claim pending full and final resolution of the breach of contract claim. The
writ of mandamus is conditionally granted and will issue only if Respondent fails to comply with
the decision of this court.

 
BOBBY L. CUMMINGS
Justice
Before Justice Cummings and
          Justice Vance
Writ of mandamus conditionally granted
Opinion delivered and filed April 3, 1996
Publish