COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| LORETTA SALAZAR, Individually, and on Behalf of the Estate of ERNEST SALAZAR, | § | No. 08-22-00245-CV |
| | § | Appeal from the |
| Appellant, | | |
| | § | 120th Judicial District Court |
| v. | | |
| | § | Of El Paso County, Texas |
| HECTOR A. PAYAN, M.D., | | |
| | § | (TC# 2016DCV4437) |
| Appellee. | | |

## O P I N I O N

### BACKGROUND

In a single issue, Appellant argues the trial court abused its discretion in admitting evidence of her settlement with former defendants. We affirm.

### *Factual and Procedural Background*

Appellant, Loretta Salazar, Individually, and on Behalf of the Estate of Ernest Salazar (Salazar), initiated suit against Appellee, Hector A. Payan, M.D. (Dr. Payan), and five other defendants on theories of medical negligence and vicarious liability for the death of her husband, Ernest Salazar. Salazar's live petition included the following named defendants: Nhu Nguyen T. Nguyen, M.D., Hospitalists Group of El Paso, Hector A. Payan, M.D., Ric A. Bradford, D.O., The Hospitals of Providence Memorial Campus, and Zening He, M.D. Prior to trial, a mediation was

held, and settlements were reached. Salazar proceeded to a jury trial against only Dr. Payan and Dr. Ric Bradford.

The jury returned a verdict in favor of Dr. Payan. The trial court issued its final judgment, finding no negligence on the part of Dr. Payan. Salazar filed a motion for new trial. This appeal followed.

## DISCUSSION

Salazar contends the admission of testimony relating to the settlement with other defendants rendered an improper judgment and requests reversal. We disagree.

### Standard of Review

We review an evidentiary ruling for an abuse of discretion. *Graham v. Scott*, 547 S.W.3d 245, 249 (Tex. App.—Houston [1st Dist.] 2017, no pet.). A trial court abuses its discretion when its ruling on the admission or exclusion of evidence is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *Id*. In making this determination, we review the entire record as a whole and "require the complaining party to demonstrate that the judgment turns on the particular evidence admitted." *Id*. Specifically, in civil cases, Rule 44.1(a)(1) of the Texas Rules of Appellate Procedure provides, "No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgement." TEX. R. APP. P. 44.1(a)(1).

### Applicable Law

The traditional rule in Texas is to exclude evidence of settlement agreements. *Mi-Jack Prod., Inc. v. Braneff*, 827 S.W.2d 493, 497 (Tex. App.—Houston [1st Dist.] 1992, no pet.). Rule 408 of the Texas Rules of Evidence specifically provides:

**(a) Prohibited Uses.** Evidence of the following is not admissible either to prove or disprove the validity or amount of a disputed claim:

(1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and

(2) conduct or statements made during compromise negotiations about the claim.

TEX. R. EVID. 408(a). However, settlement evidence may be admitted for other purposes, "such as proving a party's or witness's bias, prejudice, or interest, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." TEX. R. EVID. 408(b); *Certain Underwriters at Lloyd's, London v. Chicago Bridge & Iron Co.*, 406 S.W.3d 326, 339 (Tex. App.—Beaumont 2013, pet. denied) ("Exclusion is not required when the evidence is offered for another purpose, such as proving bias, prejudice, or interest of a witness or party, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."). "The trial court may properly exercise its discretion when deciding whether evidence is impermissibly offered as evidence of a settlement offer or is offered for another valid reason." *Chicago Bridge & Iron Co.*, 406 S.W.3d at 340.

### *Analysis*

In a single issue, Salazar maintains the trial court abused its discretion in allowing evidence concerning her settlement with other defendants. Salazar testified at trial, and the following testimony is the subject of this appeal:

| | |
|---|---|
| Counsel for Dr. Payan: | All right. Ms. Salazar, in this lawsuit, you've placed blame with Dr. He and Dr. Nguyen. Correct? |
| Salazar: | Correct. |
| Counsel for Dr. Payan: | You've also placed blame with the hospital. Correct? |

3

| | |
|---|---|
| Salazar: | Correct. |
| Counsel for Dr. Payan: | And you have accepted money from these three defendants -- |
| Counsel for Salazar: | Objection, Your Honor -- |
| The Court: | Approach, please. |

(Bench discussion held.)

| | |
|---|---|
| Counsel for Dr. Payan: | Your Honor, we're not going to get into the numbers, just the fact that they were a party and that she has received -- |

.     .     .

| | |
|---|---|
| Counsel for Dr. Payan: | We're not getting into the numbers. We're going to get into the fact that she sued them and that the cases have since been settled. |

.     .     .

| | |
|---|---|
| Counsel for Dr. Payan: | And she accepted payment for that. |
| Counsel for Salazar: | I don't think you can get into that. I don't think you can get into -- you can say there was a case against them, but you can't get into the settlement. |
| The Court: | And I guess I thought you weren't going to get into it at all. Maybe say they were parties and they've settled. |
| Counsel for Dr. Payan: | Okay. Fair enough. |
| Counsel for Salazar: | I don't think you can even say they settled, I think you can just say that they were parties that are no longer in this case. But I think to say they settled is prejudicial to us and I think -- how do we correct it now, I don't know. |
| Counsel for Dr. Payam: | I believe he waived it now that we've already started discussing it -- |
| Counsel for Salazar: | You said it and I objected as soon as I could get out of my seat. I object to any reference |

4

|  |  |
|---|---|
|  | to a settlement. I'm going to move for a mistrial. |
| The Court: | It's going to be denied, but I think you need to move on. |
| Counsel for Salazar: | It's already out there. |
| Counsel for Dr. Payan: | Am I permitted just to say they have settled[?] |
| The Court: | Yes. |

(Bench discussion concludes.)

|  |  |
|---|---|
| Counsel for Dr. Payan: | Ms. Salazar, you have since settled with Dr. He, Dr. Nguyen and the hospital. Correct? |
| Salazar: | Correct. |

Counsel then moved on and questioned Salazar regarding the Salazars' business operation.

According to Salazar, the erroneous admission of this evidence caused the rendition of an improper verdict. However, as a threshold matter, we must first address the preservation and record inadequacies of this appeal.

To begin, Dr. Payan maintains Salazar failed to preserve error. We agree. Salazar failed to obtain a ruling on her objection as required by the Texas Rules of Appellate Procedure. TEX. R. APP. P. 33.1(a)(2)(A); *see Palmer v. Off. of the Att'y Gen.*, 656 S.W.3d 640, 644 (Tex. App.—El Paso 2022, no pet.) ("To preserve error for appellate review, the complaining party must raise the complaint before the trial court 'by a timely request, objection, or motion' and either obtain an express or implicit ruling or show that the trial court refused to rule."). On appeal, Salazar maintains the trial court's response, "And I guess I thought you weren't going to get into it at all.

Maybe say they were parties and they've settled[,]" constitutes a ruling to her objection. We disagree; the trial court's response did not constitute either an express or implicit ruling.[1]

Salazar also failed to request an instruction to disregard. According to Salazar, she did not do so because "there was no possible curative instruction that could undo the damage that had already been done." However, Texas precedent establishes otherwise. *See Columbia Medical Center of Las Colinas v. Bush*, 122 S.W.3d 835, 862 (Tex. App.—Fort Worth 2003, pet. denied) ("Although an offer in compromise and settlement is inadmissible as evidence, error in informing a jury of a settlement can be cured by an instruction to disregard. Therefore, the error here could have been cured by an instruction to disregard the comments concerning the doctors' settlement . . . Because Appellants did not request an instruction to disregard, their complaint is not preserved for our review.") (citations omitted); *see also Beutel v. Paul*, 741 S.W.2d 510, 513-14 (Tex. App.— Houston [14th Dist.] 1987, no pet.) ("An offer in compromise and settlement is improper and inadmissible as evidence. However, the error is usually curable by an instruction from the trial court to disregard. Appellant did not object to the testimony but instead moved for a mistrial.") (citations omitted).

Salazar did not obtain a ruling to her objection, did not request an instruction to disregard, but instead, only moved for a mistrial. Accordingly, Salazar further waived error. *See One Call*

---

[1] During the jury charge conference, the parties discussed the matter once more, and the following occurred:

| Counsel for Grost: | I moved for a mistrial immediately. |
|---|---|
| The Court: | Right. But I don't know if I ruled on an objection. I don't think you actually objected, I think you said let's approach. So I don't know that there's a ruling on an on objection, but you definitely did approach. We had a conversation and then I said just what I said right now. Well, I didn't think you were going to get it before this jury, why would you submit the fact of settlement as Exhibit 1 or 2 or whatever it was, 1 and 2, but not to go to the jury if we were just going to tell them. That's what I said and [Counsel for Dr. Payan] moved on and I denied the motion for mistrial. |
| Counsel for Salazar: | Your Honor, I objected here at my table and then we approached. |
| The Court: | But I don't know that I ruled. |

*Sys., Inc. v. Houston Lighting & Power*, 936 S.W.2d 673, 677 (Tex. App.—Houston [14th Dist.] 1996), writ denied) ("To preserve error after inadmissible evidence is allowed before the jury, a party must sequentially pursue an adverse ruling from the trial court by: (1) objecting to the complained-of evidence, (2) moving the court to strike the evidence from the record, (3) requesting the court to instruct the jury to disregard the evidence, and (4) moving for a mistrial. Absent an adverse ruling from the trial court, nothing is preserved for appellate review.").

Moreover, even if Salazar had preserved error, we cannot reverse the jury's verdict for an alleged erroneous evidentiary ruling on the record Salazar has provided. Salazar filed a partial reporter's record that consists of four volumes: a chronological index of the four volumes (RR I), Salazar's trial testimony (RR II), the jury charge conference (RR III), and a post-verdict motion to pay costs hearing (RR IV). The clerk's record reveals several people were designated as trial witnesses; however, the only witness testimony before us is Salazar's. Salazar also elected not to request a reporter's record in the appellate record.

Under Rule 34.6(c) of the Texas Rules of Appellate Procedure, if an appellant requests a partial reporter's record, he or she must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those issues. TEX. R. APP. P. 34.6(c). However, we do not have the required statement of the issues in the record before us, and we cannot consider what we do not have. As we have previously held , "[w]hen an appellant completely fails to include any statement of the issues, the record is deemed incomplete, and the appellate court presumes the omitted portions of the reporter's record are relevant and support the trial court's judgment." *Est. of Soto by & through Amador v. Mireles*, 587 S.W.3d 446, 449 (Tex. App.—El Paso, 2019, no pet.).

Salazar contends the admission of testimony concerning the settlement of other defendants at trial rendered an improper judgment and asks this Court to find reversable error based on the

trial court's alleged erroneous admission of such evidence. As articulated above, this requires a review of the entire record, and as the complaining party, Salazar must demonstrate the judgment turned on the complained of evidence. *See Graham*, 547 S.W.3d at 249. However, without the entire record before us, we are unable to conduct a proper review. *Mireles*, 587 S.W.3d at 449 ("A determination of whether evidentiary error caused an improper judgment cannot be made without a review of the entire trial record."). For this additional reason, we are unable to find reversible error.

Furthermore, considering Salazar's failure to include a statement of issues in violation of Rule 34.6(c), and because we are required to presume the omitted portions of the reporter's record are relevant and support the trial court's judgment, it follows we must also "presume the evidence omitted from the record would have shown that any error, if any, was harmless." *Id*. at 449-50 ("Texas appellate courts have consistently held that harmful reversible error based on an evidentiary ruling cannot be established with a partial reporter's record that lacks statements of issues.").

In sum, Salazar has failed to preserve error, and the record inadequacies and failure to comply with Rule 34.6(c) further impedes Salazar's success in this appeal. Accordingly, we find the trial court did not abuse its discretion. Salazar's sole issue on appeal is overruled.

## CONCLUSION

For these reasons, we affirm.

YVONNE T. RODRIGUEZ, Chief Justice

August 4, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

8