MASSACHUSETTS BONDING & INSURANCE COMPANY *v.*
CHAPMAN.

## Opinion delivered February 27, 1928.

1. INSURANCE—KNOWLEDGE OF SOLICITING AGENT.—Where an appli-
cant for accident insurance stated to the insurer's soliciting agent
that he was working part time as freight brakeman and part
time as passenger brakeman, notice to such agent became notice
to the insurer, though his occupation was classified in the appli-
cation as a passenger brakeman.

2. INSURANCE—RECOVERY OF PAYMENT ON POLICY—EFFECT OF MIS-
TAKE.—Where an applicant for accident insurance stated to the
insurer's soliciting agent that he was working both as passenger
and as freight brakeman, and where, under policy classifying
him as a passenger brakeman, the insurance company paid the
loss on the basis of proof showing that the insured was injured
while working on a freight train, there being no fraud or mis-
conduct on insured's part, the company was not entitled to recover
payment on the ground of mutual mistake, or mistake on its part
due to ignorance, by reason of the fact that the insured was at
the time of the accident engaged as freight brakeman.

Appeal from Pulaski Circuit Court, Third Division;
*Richard M. Mann*, Judge; affirmed.

### STATEMENT OF FACTS.

Massachusetts Bonding & Insurance Company insti-
tuted this action in the circuit court against C. G. Chap-
man to recover the sum of $690, alleged to have been paid
the defendant by mistake upon an accident insurance
policy. The defendant denied all the material allega-
tions of the complaint.

According to the evidence adduced by the plaintiff, it
issued an accident policy to C. G. Chapman in the sum of
$1,000, on the 18th day of October, 1926. Chapman made
a written application for the insurance, in which he stated
his occupation to be that of passenger brakeman. On the
3d day of November, 1926, Chapman started to go out on
a freight run, and was injured by falling under the freight
train before he got on it and had reported to the con-
ductor. He was injured so badly that his left leg had to
be amputated just above the ankle. His sister made
proof of loss for him, under the direction of E. L. Bloom,

a soliciting agent of the plaintiff, who had also taken the application for the insurance. In the proof of loss, it was stated that Chapman was injured while working as a brakeman on a freight train. On the 6th day of December, 1926, the plaintiff paid Chapman $989 in full settlement of all his present and future claims under the policy.

According to the testimony of R. H. Brusoe, superintendent of the claim department of the plaintiff company, this payment was made by mistake. E. L. Bloom was only a soliciting agent, and had no authority to change any qualification, classification, or an occupation, limit of risk, or rate of premium. He was not authorized to make a settlement with Chapman. He made the payment thinking that Chapman had been properly classified as a passenger brakeman, and did not know that his occupation had been changed to that of freight brakeman at the time he was injured.

C. G. Chapman was a witness for himself. According to his testimony, he explained to the agent of the plaintiff company that he was working as freight brakeman, passenger brakeman and train baggageman. E. L. Bloom, the soliciting agent, told him that he was entitled to be classified as a passenger brakeman, and, for that reason, his occupation was so written in the application. Bloom told him that, if he ever quit passenger work, he would have to change it to freight brakeman. Bloom also told him that, if he got hurt while on a freight train, he would get the full value of the policy just the same.

The policy contains a provision as follows:

"This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance, except as it may be modified by the company's classification of risk and premium rates in the event that the insured is injured or contracts sickness after having changed his occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any occupation so classified, except ordinary duties about his residence, or while engaged in recreation, in which event the com-

pany will pay only such portion of the indemnities provided in the policy as the premium would have purchased at the rate but within the limits so fixed by the company for such more hazardous occupation.''

Chapman was paid the amount under the policy which he should have received if he had lost his leg while working as a passenger brakeman.

The jury returned a verdict for the defendant, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*Sam Robinson,* for appellant.

*Raymond Jones,* for appellee.

HART, C. J., (after stating the facts). According to the evidence for the defendant, the soliciting agent of the insurance company had full knowledge of the fact that he was working part of the time as a freight brakeman and part of the time as a passenger brakeman at the time the policy was applied for by him and issued by the company. It was his duty to explain fully his occupation, and the notice to the soliciting agent became the knowledge of the company. *American National Ins. Co.* v. *Hale,* 172 Ark. 958, 291 S. W. 82, and cases cited; *Bankers' Reserve Life Co.* v. *Crowley,* 171 Ark. 135, 284 S. W. 4; and *Old Colony Life Ins. Co.* v. *Julian,* 175 Ark. 359, 299 S. W. 366.

Chapman testified that he told the soliciting agent of the plaintiff that he was working both as a passenger and as a freight brakeman at the time he applied for the insurance. He is corroborated in this testimony by another witness who was present, and no denial thereof is made by the soliciting agent. Chapman then had a right to assume that, when the company issued the policy and delivered it to him, he was properly classified as a passenger brakeman under its terms. It is true he was injured while starting out on a freight run, but this was only a temporary change, and he was still in the service of the railroad company as a passenger brakeman just as he was when the policy was issued. He stated in his proof of loss that he was injured while working on a freight train. This put the company upon notice of that fact, and, not-

withstanding this, it paid him under his classification as a passenger brakeman.   Under these circumstances it can- not be said that the payment was made under a mutual mistake.   Chapman thought that he was entitled to be paid as for an injury to a passenger brakeman, and that he had been properly classified as such when the policy was issued.   Neither can it be said that the payment was made under mistake on the part of the company, coupled with fraudulent conduct on the part of Chapman.   It is not claimed that he was guilty of any fraudulent conduct. At least there is no proof whatever tending to show such to be the fact.   So far as the record discloses, Chapman acted in the utmost good faith throughout the whole transaction.

The contention of the plaintiff is that the payment was made because of a mistake on its part due to its ignor- ance of the facts, entitling it to avoid the policy.   In dis- cussing a question of this sort in *National Life Insurance Co.* v. *Minch,* 53 N. Y. 144, the court said:

"A policy of insurance is an executory contract. The time for insisting upon the breach of any warranty contained in the original application was when the claim was made for the execution of the contract.   Mere ignor- ance of a fact which might have enabled the company to defend an action upon the policy on account of such breach is not such a mistake of fact as will enable it to recover back the money.   It will be presumed that the company either knew the fact or intended to waive any such defense, and voluntarily paid the money.   Otherwise there would be no end to controversy and litigation, and the party receiving the money would hold it subject to a lawsuit until the statute of limitations intervened."

This rule has been applied according to varying facts in other cases.   *Smith* v. *Glen's Falls Ins. Co.,* 62 N. Y. 85; *Stache* v. *St. Paul Fire & Marine Ins. Co.,* 49 Wis. 89, 5 N. W. 36, 35 Am. Rep. 772; and *Kansas City Life Ins. Co.* v. *Blackstones* (Court of Civil Appeals of Texas), 143 S. W. 702.

The plaintiff was not induced to issue the policy because of any fraud practiced upon it, and it does not claim it was induced to make the payment to the defendant because of any misconduct on his part. It had notice of facts which, if pursued with ordinary diligence, would have led to a full discovery of everything connected with the issuance of the policy. Hence it cannot urge that it made the payment by mistake on account of lack of knowledge.

It follows that the judgment of the circuit court was correct, and it will therefore be affirmed.