FRATERNAL AID UNION *v.* ALLEN.

Opinion delivered November 19, 1928.

394

*Calvin T. Cotham, George R. Allen* and *A. W. Fulton,* for appellant.

*Murphy & Wood,* for appellee.

KIRBY, J., (after stating the facts). It is urged that the court erred in directing a verdict against appellant. The defense was on two grounds, misrepresentation of insured's physical condition in answer to question 14 of the application in not stating that he had been treated for bronchial pneumonia about a year before his death, and because the insured was not in sound mental and bodily health when the policy was delivered.

Appellee, the mother of the insured and beneficiary in the policy, testified, and her testimony was not contradicted, that Smith, the soliciting agent, who did not testify, came out to her home and asked her consent to her minor son, Luther Homer Allen, becoming a member of the lodge and taking out a benefit certificate, which she agreed he might do if he thought he could pay the dues or premiums, and, the boy thinking he could, the agent filled out a blank application, which he had with him. She and the boy answered all questions fully and

truthfully, telling the soliciting agent that Dr. Hamilton had treated Luther in the summer before for malaria— the doctor said he was treating him for that; that Dr. Sanders had made one visit, and prescribed for Luther, but did not say for what he was treating him; and told the agent that he could telephone to Drs. Hamilton and Sanders and ascertain what his trouble was, but that Smith said that made no difference; that they would have a physician to examine the boy and find out what his present condition was. That Luther signed the application as made out by Smith, without reading it, and did not go then to the medical examiner with Smith, because of not having the time. Dr. Freeman was not present when the application was made out, and no claim is made that any false statements or answers were made to him.

Both Drs. Hamilton and Sanders, witnesses for appellant, testified that Luther did not have and was not treated for bronchial pneumonia by either of them at any time before his last illness. It did appear in the death certificate, as made out by Dr. Sanders, that, "about a year before his death, the boy had had bronchial pneumonia," but the doctor stated that this was only an inference on his part, and should not have been put in the death certificate. Dr. Hamilton made only one visit to the boy, and gave him a prescription for malaria, and he was back at work in four or five days; and Dr. Sanders called once only, and thought he gave a prescription, but was not sure, and the boy was up and back at work in three or four days.

It is argued that there was collusion between the insured and the soliciting agent, but the evidence is undisputed that there was none. Neither the insured nor the beneficiary sought the insurance, which would not have been effected had not the soliciting agent come out to the home of appellee and procured the application. According to the undisputed testimony, the soliciting agent was fully and truthfully informed of the diseases that had been suffered by the insured in his answer to question 14 of the application, and the names of the physi-

cians given, as well as the disease for which he had been treated, with the suggestion that he could call up the physicians and ascertain what the trouble was. This information would have become the knowledge of the company, by which it would have been bound, even in spite of a provision in the policy to the contrary, the agent who solicited the business being charged with the duty of asking the applicant questions concerning his physical condition. *So. Ins. Co.* v. *Floyd*, 174 Ark. 373, 295 S. W. 715; *Mass. Bonding & Ins. Co.* v. *Chapman*, 176 Ark. 349, 3 S. W. (2d) 18; *Springfield Mutual Assn.* v. *Atnip*, 169 Ark. 968, 279 S. W. 15; *United Assurance Assn.* v. *Frederick*, 130 Ark. 12, 195 S. W. 691; *American National Ins. Co.* v. *Hale*, 172 Ark. 958, 291 S. W. 82; and *Old Colony Life Ins. Co.* v. *Julian*, 175 Ark. 359, 299 S. W. 266.

Then, too, according to the undisputed testimony from witnesses introduced by appellant, the physicians who had treated the insured during the summer before his application for membership in the Union was made, he did not have and was not treated for bronchial pneumonia, and there could have been no falsity of such a warranty, if one had been made. There is no intimation in the whole record that deceased had suffered from bronchial pneumonia before making his application for membership, except Dr. Sanders' statement in the death certificate, giving bronchial pneumonia, suffered the year before, as a contributing cause. This physician had treated him during the illness, and testified he did not have bronchial pneumonia then, that he only inferred it from the history of the case, in making out the death certificate, and that he should not have put that statement in the certificate.

We find no error in the record, and the judgment is affirmed.