Dori Sue LEWIS, Individually and as Next
Friend of Ashley Nichole Bashwiner and
Darla Lynn Bashwiner, Minor Children,
Appellants,

v.

SKIPPY'S MISTAKE BAR, the South-
land Corporation and 7–11 Beverage
Company, Inc., Appellees.

No. 2–95–095–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 8, 1996.

Rehearing Overruled April 4, 1996.

**2**

Robert L. Crill, Arlington, for Appellants.

J. Mark Penley, Dennis L. Rossien, Jr., Strasburger & Price, L.L.P., Dallas, Bryan Cannon, Jones Cannon & Freeman, Arlington, for Appellees.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Dori Sue Lewis appeals from take-nothing summary judgments rendered for Roy George Brown, III, d/b/a Skippy's Mistake Bar, The Southland Corporation, and 7–11 Beverage Company, Inc. We reverse and remand to the trial court.

Dori alleges that she was injured in a collision between her car and one driven by Reed Alan Bulaich. The collision happened on March 22, 1992, at 12:47 a.m. On a theory of dram shop liability, Dori seeks damages for her injuries and for her minor daughters' (Ashley and Darla) loss of consortium and household services. Dori claims that Bulaich and Chris Ernemann, a passenger in Bulaich's car at the time of the collision, were intoxicated at Skippy's Mistake Bar. Upon leaving the bar, Bulaich drove Ernemann to a Southland/7–11 store, where Ernemann went inside and bought beer. Dori asserts negligence per se against the bar for providing, serving, or selling alcoholic beverages to Bulaich and Ernemann. She also claims negligence per se against Southland/7–11 for selling the beer to an intoxicated person. The collision occurred after Bulaich and Ernemann left the store.

By separate judgments, the trial court granted the summary judgment motions of Skippy's Mistake Bar and Southland/7–11. Each motion asserted a two-year statute of limitations as one of its grounds, but, otherwise, the grounds asserted in the motions were not identical.

■ The statute of limitations applicable to actions for personal injury is section 16.003 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (Vernon 1986 & Supp. 1996). It bars any suit brought later than two years after the day the cause of action accrues. A cause of action for a motorist's personal injury claim against a seller of alcoholic beverages accrues on the date of a collision and expires two years later. *See Riojas v. Phillips Properties, Inc.,* 828

S.W.2d 18, 22 (Tex.App.—Corpus Christi 1991, writ denied).

Neither summary judgment specifies the grounds on which it was granted. The trial court eventually severed Skippy's and Southland/7–11 from the original suit, and Dori appeals both summary judgments. Southland/7–11 filed a brief in this court, but Skippy's Mistake Bar did not. Dori and Southland/7–11 waived oral argument on appeal, and Skippy's did not request oral argument.

Dori brings six points of error. Points one, three and five are general, simply asserting that "The trial court erred in granting summary judgment in favor of...." Point one names Skippy's, point three names 7–11, and point five names Southland.

In points two, four, and six, Dori protests the application of a two-year statute of limitations to bar her claim, asserting that she properly pled her causes of action within two years. Before turning to the law governing general points of error, we will consider whether Dori's causes of action are barred by limitations.

It is undisputed that the automobile collision occurred on March 22, 1992, and suit was filed later that year, on November 30. The record does not include Dori's original or first amended petitions, but shows that her second amended petition was filed on March 21, 1994, within two years of the collision, alleging violations of the Alcoholic Beverage Code by Skippy's Mistake Bar and Southland/7–11. Her third amended petition, renewing those allegations, was filed on April 28, 1994.

When a suit is filed before the limitations period expires, a cause of action alleged by an amended petition after the period expires is not barred by the statute of limitations unless those allegations are wholly based upon and grow out of a new, distinct, or different transaction or occurrence. TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (Vernon 1986); *see Harris v. Galveston County*, 799 S.W.2d 766, 769 (Tex.App.— Houston [14th Dist.] 1990, writ denied).

■ The third amended petition does not allege causes of action wholly based upon or that grow out of a new, distinct, or different

transaction than the events she complained of in her timely filed second amended petition. The causes of action Dori alleges in her third amended petition relate back to her second amended petition, which she filed within two years of her alleged injury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (Vernon 1986). We hold that Dori's causes of action in her third petition against Skippy's Mistake Bar and Southland/7–11 are not barred by the statute of limitations.

Points of error two, four, and six are sustained.

■ Next, we will consider Dori's three general points of error. Clearly, the "arguments and authorities" in Dori's brief addresses and challenges only the applicability of the two-year statute of limitations as a ground for summary judgment. Southland and 7–11 argue that because Dori's brief contains no other "arguments and authorities," she has waived all other grounds for appeal. We disagree.

■ As a general rule, where a trial court grants summary judgment without specifying the grounds, an appellant must assign error to every ground of the summary judgment motion that he wishes to challenge, else the judgment may be affirmed on any ground that was available to the trial court and not specifically challenged on appeal. *Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). But when an appellant urges only the general point that *the trial court erred in granting the motion for summary judgment*, he is entitled to argue on appeal every ground contained in the motion. *Cove Inv., Inc. v. Manges*, 602 S.W.2d 512, 517 (Tex. 1980).

For years, Texas appellate courts adhered to the principle that points of error not separately briefed were waived. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 568 (Tex.1984) (op. on reh'g); *Burgess v. Sylvester*, 143 Tex. 25, 182 S.W.2d 358, 360 (1944). But, current appellate rules include the statement that "A point is sufficient if it directs the attention of the appellate court to the error about which complaint is made." TEX. R. APP. P. 74(d). The rule also requires a brief to include "such discus-

sion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." TEX. R. APP. P. 74(f).

■ Accordingly, circumstances may exist that entitle an appellant to extra time for amending an already filed but deficient brief. *See Inpetco, Inc. v. Texas American Bank/Houston,* 729 S.W.2d 300 (Tex.1987); TEX. R. APP. P. 74, 83. However, the settled rule remains that an appellate court has some discretion to choose between deeming a point waived and requiring a party to amend or rebrief. *Fredonia State Bank v. General American Life Ins.,* 881 S.W.2d 279, 284 (Tex.1994). Whether that discretion has been properly exercised depends on the facts of the case. *Id.* Allowing courts of appeals some discretion in ordering rebriefing is necessary to balance the twin objectives of a liberal and just construction of procedural rules and the appellate court's prompt, efficient resolution of the appeals on its docket. *Id.* at 285.

In our case, Skippy's Mistake Bar chose not to file a brief or participate in oral arguments. Dori and Southland/7–11 filed briefs but waived oral arguments. Some complaints on appeal are sufficiently plain that, despite inadequate briefing, the points presented still direct the appellate court to the place in the record where an alleged error occurred. *See Consolidated Texas Fin. v. Shearer,* 739 S.W.2d 477, 481 (Tex.App.—Fort Worth 1987, writ ref'd). Even without supporting arguments and authorities, Dori's general points of error one, three, and five are sufficiently clear to do exactly that. Accordingly, we conclude that ordering Dori to brief points one, three and five is not necessary, nor do we deem those points waived.

A trial court's task in evaluating a summary judgment motion is to determine whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex. 1970). "[T]he judgment sought should be granted, and if granted should be affirmed, *only* if the summary judgment record establishes a right thereto as a matter of law." *Id.* at 828 (emphasis added).

■ In Dori's second and third amended petitions, she alleged substantially the same causes of action against Skippy's Mistake Bar, Southland, and 7–11. She alleged that they were negligent. She also alleged that they were negligent per se because they violated the prohibitions of sections 101.63(a) and 2.02(b)(1) of the Texas Alcoholic Beverage Code. Dori alleged that the plaintiffs sustained damages as a result of the defendants' acts. We agree with Southland/7–11 that chapter 2 of the Texas Alcoholic Beverage Code provides the exclusive cause of action for providing an alcoholic beverage to a person eighteen years of age or older. *See* TEX. ALCO. BEV. CODE ANN. § 2.03 (Vernon 1995). Consequently, the law affords Dori no direct claim for ordinary negligence.

■ Nevertheless, a suit under chapter 2 is indirectly grounded in negligence because that chapter incorporates the elements of negligence in actions brought under section 2.02(b). *Smith v. Sewell,* 858 S.W.2d 350, 355 (Tex.1993). Because chapter 2 provides for negligence claims and is not excluded from the Comparative Responsibility Act, section 33.002 of the Texas Civil Practice & Remedies Code, the comparative statute applies in cases requiring a determination of the percentage of responsibility attributable to each party involved in causing an injury alleged under chapter 2. *Id.* at 355–56.

■ We also recognize that although section 101.63 is in the general criminal law provisions of the Alcoholic Beverage Code and defines a criminal offense and prescribes its penalty, that does not preclude a plaintiff from using the language of section 101.63 as a definition of reasonable (or unreasonable) conduct in pleading a cause of action for civil liability. TEX. ALCO. BEV. CODE ANN. § 101.63 (Vernon 1995); *El Chico Corp. v. Poole,* 732 S.W.2d 306, 312 (Tex.1987). The standard of conduct imposed by that criminal law provision is an acknowledgment of possible civil liability for failure to follow that standard. *Id.* at 312. It is clear that a standard of conduct may be found in a statute silent on the issue of civil liability. *Id.*

A motion for summary judgment must expressly state the grounds on which it is made. In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence. *McConnell v. Southside I.S.D.*, 858 S.W.2d 337, 341 (Tex.1993). The only grounds stated in Skippy's summary judgment motion are (1) Dori's alleged failure to state a cause of action against Roy George Brown III, d/b/a Skippy's Mistake Bar and (2) the statute of limitations, which is not a bar to Dori's suit for the reason we have already given.

When a party moves for summary judgment solely on the basis of the nonmovant's pleadings, he must accept all facts and inferences in the pleadings as true in the light most favorable to the nonmovant. *Trunkline LNG Co. v. Trane Thermal Co.*, 722 S.W.2d 722, 724 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Also, defects in the nonmovant's pleadings must appear to be incurable by any amendment of the pleadings. *Id.* at 724. In general, it is improper to grant a summary judgment on a deficient pleading's failure to state a cause of action when the deficiency can be attacked through a special exception. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 9–10 (Tex.1974). To grant summary judgment on that ground would revive the general demurrer discarded by rule 90 of the Texas Rules of Civil Procedure. *Id.* at 10; *see also In re B.I.V.*, 870 S.W.2d 12, 13 (Tex.1994).

Before a court may grant a "no cause of action" summary judgment, the nonmovant must be given adequate opportunity to plead a viable cause of action. *Pietila v. Crites*, 851 S.W.2d 185, 186 n. 2 (Tex.1993); *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983).

The grounds stated in Southland/7–11's summary judgment motion are: (1) Dori has no evidence that Southland/7–11 proximately caused the alleged damages; (2) Dori's claims not based on chapter 2 of the Alcoholic Beverage Code are precluded by chapter 2's "exclusive remedy" provisions; and (3) the statute of limitations, which is not a bar to Dori's suit for the reason we have already given.

In a summary judgment case, the question is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs*, 450 S.W.2d at 828. The question is not whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action. *Id.* at 828. In other words, a defendant is not entitled to summary judgment on the ground that there is "no evidence" to support the nonmovant plaintiff's claims.

The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47. In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The record shows that, aside from erroneous reliance on the statute of limitations, the grounds stated by Skippy's and Southland/7–11 in their summary judgment motions were simply complaints about Dori's pleadings. Summary judgment may not be based on a weakness of the nonmovant's pleading or proof unless it establishes the absence of a right of action or an insurmountable bar to recovery. *State v. Durham*, 860 S.W.2d 63, 68 (Tex.1993). We hold that, facially, neither Dori's pleading nor her summary judgment proof establishes the absence of a right of action nor an insurmount-

able bar to recovery. We hold that each of the grounds stated in the motions is insufficient to support summary judgment in this case.

We hold that neither Skippy's Mistake Bar nor Southland/7–11 met their burden of presenting summary judgment grounds supported by proof that establishes as a matter of law that there is no genuine issue of material fact. *See* TEX. R. CIV. P. 166a(c); *Cate,* 790 S.W.2d at 562; *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Points of error two, four, and six are sustained.

Each summary judgment is reversed, and the causes are remanded for further proceedings in the trial court.