IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

January 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| TERESA ANN HUGHES HAREN, | ) C/A NO. 03A01-9707-CV-00253 |
| | ) |
| Plaintiff-Appellant, | ) McMINN CIRCUIT |
| | ) |
| v. | ) HON. EARLE G. MURPHY, |
| | ) JUDGE |
| JAMES SKYLER HAREN, | ) |
| | ) MODIFIED AND |
| Defendant-Appellee. | ) REMANDED |

ROGER E. JENNE, JENNE, SCOTT & BRYANT, Cleveland, for Plaintiff-Appellant.

JAMES F. LOGAN, JR., LOGAN, THOMPSON, MILLER, BILBO, THOMPSON & FISHER, P.C., Cleveland, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

In this divorce action the appeals focus on the Trial Judge's custody determination, the award of alimony and child support, and the division of marital assets.

Appellant wife and appellee husband were married on December 16, 1981. Both parties were originally from the Athens area. After their marriage, they moved to Charlotte, North Carolina, where appellee worked for an engineering firm. He was transferred a number of times, and the parties eventually returned to the Athens area. After working for his father's construction business for about three

years, appellee started his own firm, the J.S. Haren Company. The Harens have two sons who were 10 and 14 at the time of trial.

The wife filed for divorce on January 16, 1995, and husband filed an answer and counter-complaint. Each complaint alleged inappropriate marital conduct, sought custody of the children, and an equitable division of the parties' assets.

Following trial, the Court granted the wife a divorce on the grounds of inappropriate marital conduct, and awarded the parties joint custody of the children with primary physical custody of the younger child to the wife, and the older child to the husband.

The Court ordered the husband to pay child support of $640.00 a month, and rehabilitative alimony of $2,000.00 a month for forty-eight months. The Court did not require the wife to pay any child support. The court valued the marital estate at $1,750,000.00 and awarded 60% to the husband and 40% to the wife. The wife's 40% comprised the house, furniture, her car, a boat and $320,000.00 in cash.

The wife contends the Trial Court erred in granting the husband custody of their oldest son. Trial courts have wide discretion in matters of custody, and we will not interfere, absent an improper exercise of this discretion. *Grant v. Grant*, 286 S.W.2d 349 (Tenn. App. 1954). In this case, the Trial Court properly exercised its discretion.

The Trial Court properly considered both parties' suitability. Both parties testified about their interest in the children's welfare. Additionally, the Trial Court heard testimony from two psychologists. Also, the Trial Court noted that the older child wanted to live with his father. Under T.C.A. §36-6-106, the court may consider the reasonable preference of a child twelve years of age or older.

The husband admitted having extramarital affairs. A party's misconduct may reflect upon his fitness as a custodian, and may therefore be considered in making

2

custody determinations. *Barnhill v. Barnhill*, 826 S.W.2d 443, 453 (Tenn. App. 1991). Sexual infidelity or indiscretion, however, "does not *ipso facto* disqualify a parent from receiving custody of children." *Mimms v. Mimms*, 780 S.W.2d 739, 745 (Tenn. App. 1989). In this case, the evidence did not preponderate against the Trial Judge's determination. T.R.A.P. Rule 13(d).

The wife also argues the Trial Judge should have recused himself because he previously made a temporary custody determination. The wife moved for recusal, which the Trial Court denied. "The determination of whether to recuse oneself rests within the sound discretion of the trial judge. "*Ellison v. Alley*, 902 S.W.2d 415, 418 (Tenn. App. 1995). The appellant's Motion for Disqualification alleged that the Trial Court's temporary custody ruling made it improper for him to decide the issue at trial. Merely issuing a ruling adverse to a particular party is not, by itself, evidence of bias or prejudice. *See Herrera v. Herrera*, 944 S.W.2d 379, 392 (Tenn. App. 1996). We find no error in the Court's denial of the motion.

Both parties contest the award of rehabilitative alimony. The Trial Court ordered the appellee to pay $2,000.00 a month for forty-eight months. The wife argues the award was insufficient, while the husband insists it was excessive. Generally, the amount of alimony is a matter of discretion for the Court. *Houghland v. Houghland*, 844 S.W.2d 619 (Tenn. App. 1992). Appellate courts do not disturb a trial court's award of alimony unless the trial court manifestly abuses discretion. *Ingram v. Ingram*, 721 S.W.2d 262 (Tenn. App. 1986). We concur with the Judge's award of alimony in this case. *See* T.C.A. §36-5-101(d)(1).

The wife is a proper candidate for rehabilitation. At the time of trial, she was 39 years old and in good health. She had completed approximately three years of college and plans to return to obtain her degree. After graduation, she hopes to attain a teaching position. The duration of the award should be sufficient for her to

3

complete her training and obtain suitable employment.

Both parties question the amount of alimony. Generally, a divorce should not inflict undue economic hardship on an innocent spouse. *Brown v. Brown*, 913 S.W.2d 163, 169 (Tenn. App. 1994). Spousal support awards are not, however, intended to be punitive. *Id.* The notion that divorce should not economically prejudice an innocent spouse must also be tempered by the factors listed in T.C.A. §36-5-101(d)(1). *Id.* at 169-170.

T.C.A. §36-5-101(d)(1) lists factors for the trial court to consider. The parties were married for fifteen years and both are in good health. The husband has a degree from Georgia Institute of Technology, and has reported income in excess of $200,000.00 a year in the past. The wife has never worked outside the home, and has yet to complete her college education. In this case, the parties enjoyed a relatively high standard of living during the marriage. The husband's income has, however, declined recently. The parties have offered conflicting explanations for this decline. The husband attributes it to the vicissitudes of the construction business, and changes in the company's projects. The wife claims that the husband presented an improperly low picture of his assets to the Court. Additionally, the Trial Court awarded the wife 40% of the marital estate, including cash. Considering these awards in favor of the wife, the amount of alimony was not improper.

Both parties also contest the amount of the child support. The wife argues that it is too low, while the husband contends it is excessive. The Trial Court set the wife's child support obligations at $640.00 a month for the younger child. The child support guidelines create a rebuttable presumption of the proper support amount. T.C.A. §36-5-101(e)(1). If the Trial Court deviates from the guidelines, it must make a written finding to support its variance. *Id.* In this case, $640.00 a month is less than the amount suggested by the guidelines.

4

To determine the proper amount of support under the guidelines, it is first necessary to determine the husband's gross income. The husband's 1995 federal income tax return lists the following sources of income: $66,741.00 wages, $278.00 taxable interest income, $43.00 dividend income, $61,836 capital gains, ($960.00 other gains, $6,309.00 pensions and annuities, and $3,207.00 farm income. All these sources count in determining gross income under the guidelines. The sources yield an initial gross income of $139,374.00. The husband's farm expenses, not including depreciation, totaled $54,661. Thus, his gross income is $84,713.00.[1]

Child support payments are based on a flat percentage of the obligor's net income. Net income is determined by subtracting from gross income FICA, the amount of withholding tax deducted for a single wage earner claiming one withholding allowance, and any other child support obligations. The husband's tax return shows federal withholdings of $12,673.00, Social Security withholdings of $3,794.00 and Medicare withholdings of $1,030.00. These amounts reduce his net income to $67,216.00. Multiplying by 21% to determine the proper amount of support for one child, the total yearly obligation is $14,115.00 or $1,176.00 a month. This is the presumptively proper amount under the Guidelines.

The Trial Judge did not make an express finding of the husband's net income, and it is evident from the briefs and argument of the parties' attorneys, that the Judge did not take into account all of the husband's income as required under the guidelines. Accordingly, we establish the child support at $1,176.00 per month.

On the issue of the division of marital property, we conclude the Trial Judge made an equitable distribution between the parties. Tennessee is a dual property jurisdiction, *Batson v. Batson*, 769 S.W.2d 849, 856 (Tenn. App. 1988).

---

[1]The husband also apparently drives a company car. While this car counts as a source of income under the Guidelines, the record contains no evidence of its value.

5

T.C.A. §36-4-121 provides only for the division of marital property. In this case, the Trial Court did not make specific findings concerning the marital or separate status of each piece of property. Presumably, he found the property at issue to be marital. *See Herrera v. Herrera*, 944 S.W.2d 379, 389 (Tenn. App. 1996).

Because the value of marital property is a question of fact, the Trial Court's decision is presumed to be correct unless the evidence preponderates otherwise. *See Hardin v. Hardin*, 689 S.W.2d 152, 154 (Tenn. App. 1983). The Trial Court valued the marital estate at $1,750,000.00. Both parties submitted "estimates" of values. We conclude that the Trial Court's evaluation was "within the range of the evidence submitted" and should not be disturbed on appeal. *Wallace v. Wallace*, 733 S.W.2d 102, 107 (Tenn. App. 1987).

The husband contends the Court did not give him proper credit for approximately $380,000.00 in gifts from his father. Such gifts are considered separate property under T.C.A. §36-4-121(b)(2)(D). The only evidence of these gifts, however, was a number of checks and deposit slips, only one of which explicitly stated that it was a gift. Although some of the checks were dated at the same time every year, a suggestion they may have been regular gifts, there is no clear evidence about how the funds were disbursed. The Trial Judge did not err on this issue.

Trial courts have broad discretion in dividing marital estates. *Kincaid v. Kincaid*, 912 S.W.2d 140, 143 (Tenn. App. 1995), and appellate courts generally do not disturb a trial court's division unless "the distribution lacks proper evidentiary support or results from an error of law or a misrepresentation of statutory requirements and procedures". *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. App. 1990). No such error appears in the record. The evidence does not preponderate against the Trial Judge's division.

The Trial court ordered the husband to pay the wife $320,000.00 in cash

6

as part of the equitable distribution.  The parties represent that the Court subsequently ordered the husband to pay interest on this award at 6% per annum.  We do not find such order in the record and conclude that interest should be set in accordance with the statutory rate.

T.C.A. §47-14-121 states: "interest on judgments, including decrees, shall be computed at the effective rate of 10% per annum, except as may be otherwise provided or permitted by statute . . . ."  This language is mandatory and not subject to reduction for equitable considerations.  *Bedwell v. Bedwell*, 774 S.W.2d 953 (Tenn. App. 1989).  This Court has held that cash awards in divorce cases are money judgments subject to the statutory rate.  *Inman v. Inman*, 840 S.W.2d 927, 931 (Tenn. App. 1992).

Next, the wife contends the Trial Court erred in not holding the husband in contempt for his non-compliance with the temporary orders issued by the Trial Judge.  Appellate courts "are loathe to interfere or modify the punishment imposed in contempt proceedings because such determinations lie within the sound discretion of the trial court."  *Herrera v. Herrera*, 944 S.W.2d 379, 393 (Tenn. App. 1996).  The Trial Court determined that the husband complied with its orders and purged him of any contempt.  Nothing in the record suggests this determination was an abuse of discretion.

Finally, both parties contest the award of attorney's fees.  The Trial Judge ordered the husband to pay $10,000.00 of the wife's attorney's fees.  Attorney's fee awards are within the sound discretion of the Trial Court and will not be disturbed on appeal unless the evidence preponderates against the decision.  *Kincaid v. Kincaid*, 912 S.W.2d 140, 144 (Tenn. App. 1995).  In this case, the evidence does not preponderate against the Trial Court's finding.  We affirm the Trial Judge on this issue.

The judgment of the Trial Court is affirmed, as modified, and the costs are assessed one-half to each party.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Hon. William H. Inman, Sr.J.