# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00278-CR

**Carlos Santana Garcia, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT, NO. A-03-1086-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M  O P I N I O N

Carlos Santana Garcia appeals his conviction for aggravated sexual assault of a child, contending that the evidence was legally and factually insufficient to support the jury's verdict of guilt. *See* Tex. Pen. Code Ann. § 22.021(a)(1) (West Supp. 2005). We will affirm.

## BACKGROUND

Garcia was convicted based on evidence that, on three occasions, he penetrated the genitals and anus of J.P., a female then ten years of age. J.P. is Garcia's niece, the daughter of Garcia's sister, Gracie Garcia. At the time of the assaults, Garcia was living with Gracie and J.P.

J.P. testified at trial that on three occasions, Garcia placed a pillow over her head and sexually assaulted her. On two occasions, Garcia placed J.P. face-down on a bed with her legs dangling off. J.P recounted that on one of these occasions, she was able to see out from underneath

the pillow and saw Garcia's "privates." J.P. testified that Garcia touched her with his "private part" and that he put it inside her "pee-pee" and "butt" "as far as it would go."

J.P. testified that, during the period of abuse, she stayed awake at night, fearing that Garcia would abuse her again. J.P.'s teacher at that time, Lori Barton, confirmed that J.P. was having trouble staying awake in class during this period. Y.D. Garcia, a psychologist who specializes in treating children, testified that a common sign of sexual assault in a child is change in sleep pattern: difficulty falling asleep and waking up a lot in the middle of the night.

A videotaped forensic interview of J.P. was also introduced into evidence. It was largely consistent with J.P.'s testimony, but differing in certain details regarding the time of day at which the third incident occurred and whether Garcia lubricated "his thing" with baby oil or water. Y.D. Garcia, the child psychologist, testified that, over time, a child may forget peripheral details of a sexual assault, such as the time of day the incident occurred.

J.P.'s mother testified that when J.P. told her about the abuse, J.P. told her that it "hurt" when appellant stuck his "private part" in her. J.P. also testified that when appellant touched her it "felt like a finger." Relying on this evidence, Garcia attempted to cast doubt on J.P.'s account because, he contended, J.P. would have suffered greater pain and damage from his penetrating her. In this regard, the jury heard evidence from Garcia's wife that he is "sexually, at least a normal size male." The nurse who examined J.P. testified that J.P.'s vaginal opening, though not specifically measured, would be between 1 and 2 centimeters in diameter, but that both the vagina and anus of a child are very elastic. Hence, she explained to the jury, there is often no sign of injury or trauma to a child who has been sexually assaulted.

The jury found Garcia guilty of aggravated sexual assault of a child. Garcia filed a motion for new trial alleging that, among other things, the evidence was legally and factually insufficient to sustain his conviction. His motion was overruled by operation of law. *See* Tex. R. App. P. 21.8(c). This appeal followed.

## DISCUSSION

Appellant brings a single issue challenging the district court's denial of his new trial motion, contending that the evidence was legally and factually insufficient to sustain the jury's guilty verdict.

### Standard of review

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, we consider whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). We review all the evidence in the light most favorable to the verdict, assume that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *See Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). We consider even erroneously admitted evidence. *Id*. The jury is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Jones v. State*, 944 S.W.2d

642, 647 (Tex. Crim. App. 1996). Reconciliation of any conflicts in the evidence is within the exclusive province of the jury. *Id*.

In a factual sufficiency review, we view the evidence in a neutral light and will set aside a verdict only if the supporting evidence is so weak that the verdict is clearly wrong or the contrary evidence is so strong that the jury could not have found all the elements of the crime beyond a reasonable doubt. *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005). A verdict is clearly wrong and unjust if the "jury's finding is 'manifestly unjust,' 'shocks the conscience,' or 'clearly demonstrates bias.'" *Id*. (quoting *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997)). All the evidence is considered equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference must be accorded the fact-finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d at 9. The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004); *see Johnson*, 23 S.W.3d at 11.

To our ultimate inquiry—whether the district court erred in permitting Garcia's new trial motion to be overruled by operation of law—we apply an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001).

**Analysis of the evidence**

Garcia asserts six "facts" or claims concerning the evidence that he contends demonstrate its legal and factual insufficiency:

- J.P. did not squarely "'identify' CARLOS SANTANA GARCIA when she testified in Open Court under oath."

- "There is no medical testimony and/or physical evidence corroborating the testimony of the alleged Victim that the alleged Sexual Assault allegedly occurred."

- "It would almost be physically impossible" for anyone to have penetrated J.P.'s genitals while she was laying on her stomach, as J.P. testified.

- There is no credible evidence of penetration, as opposed to mere touching.

- Whereas the evidence was that Garcia was a "normal-sized male, sexually," J.P.'s vaginal opening was only the size of a "pen or pencil." Thus, any penetration would not merely have "hurt," as J.P. testified, but instead "the pain would be excruciating."

- "From the Record there is a possibility and/or probability that the alleged 'sexual abuse' was 'perceived' by the alleged Victim."

Each contention is without merit.

The gravamen of Garcia's first contention seems to be that J.P. did not identify him by his legal name. When describing the abuse episodes at trial, J.P. referred to the man she claimed abused her as "Uncle Santana" or "Tio" (the Spanish term for uncle). Counsel also repeatedly referred to "Santana" during J.P.'s testimony, and J.P. never indicated that they were talking about the wrong person. In a videotaped interview with J.P., which was shown to the jury, J.P. identified "Santana", whom she calls "Tio," as being the perpetrator. Additionally, J.P.'s mother, Gracie

5

Garcia, testified that J.P. told her that "Tio" was the one who had abused her, and that "Santana" is the only person J.P. calls "Tio." When asked who "Santana" was, Gracie testified that it was her brother. When further prompted to give his full name, she stated "Carlos Santana Garcia" and identified him in court as being the defendant. The evidence of Garcia's identity as the perpetrator is legally and factually sufficient.

As for Garcia's second contention that J.P.'s allegations were not corroborated by physical or medical evidence, the testimony of a sexual abuse victim alone, as Garcia conceded, is sufficient to support a conviction. *Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978). Moreover, both a psychologist and the nurse who examined J.P. testified that it is not uncommon for there to be no corroborating medical or physical evidence of sexual assault. There is, however, some testimony that J.P. exhibited signs of sexual abuse. J.P.'s teacher testified that J.P. was having trouble staying awake in class, a symptom the psychologist associated with victims of sexual abuse.

The remainder of Garcia's contentions are chiefly attacks on the credibility of J.P.'s testimony, which we have previously summarized. We emphasize again that the jury is the judge of the credibility of witnesses and the weight of their testimony. *Jones*, 944 S.W.2d at 647. Reconciliation of any conflicts in the evidence is within the exclusive province of the jury. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Having heard the evidence, the jury believed J.P. and disbelieved Garcia. It was within the jury's province to do so.

Because the evidence was both legally and factually sufficient to support the jury's verdict, we hold that the district court did not abuse its discretion in allowing Garcia' motion for a new trial to be overruled by operation of law. We, therefore, overrule Garcia's issue.

6

**CONCLUSION**

Having overruled Garcia's issue on appeal, we affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:

Do Not Publish