Tot Thi HUYNH, Appellant,

v.

R. WAREHOUSING & PORT SERVICES, INC., R. Warehousing & Port Services, Inc. d/b/a Woodard Transportation and Nicholas B. Thompson, Appellees.

No. 12–97–00249–CV.

Court of Appeals of Texas, Tyler.

June 26, 1998.

Alexander B. Klein, III, Houston, for appellant.

Tracy J. Willi, Houston, for appellees.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This appeal involves the single issue of whether the trial court abused its discretion in excluding evidence. The proffered but excluded evidence was testimony that a truck driver failed to take a drug test when requested to do so by his employer after he was involved in the accident made the basis of this suit. We will affirm.

Appellant, Tot Thi Huynh ("Huynh"), brought suit against R. Warehousing & Port Services, Inc., R. Warehousing & Port Services, Inc. d/b/a Woodard Transportation, Nicholas B. Thompson, Richardson Steel Yard, Inc., Richway Cartage, Inc. and Robin International Transport, Inc., Appellees. In her petition, Huynh alleged damages for injuries she sustained when her vehicle collided with an eighteen-wheeler owned by R. Warehousing & Port Services, Inc. and driven by their driver Nicholas B. Thompson ("Thompson").[1] Specifically, Huynh was driving her Hyundai automobile when she was involved in an accident with Thompson near the intersection of 610 Loop and IH–10 in Houston.

Exactly how the accident occurred and who was negligent was contested at trial. The jury found Appellees 60% at fault, Huynh 40% at fault, and R. Warehousing not guilty of negligent entrustment. Based on the jury's finding, the court entered judgment for Huynh in the amount of $55,636.89 against R. Warehousing under the doctrine of respondent superior.

The record reflects that Thompson had been convicted of felony possession of crack cocaine in 1989, for which he received two years' probation. This conviction was admitted by Thompson and referred to on numerous occasions by Huynh during the trial. Several times during the trial, Huynh attempted to show that Thompson had been directed by his supervisor to give a drug test after the accident and that he had not done so. This evidence was excluded by the trial court after an objection that it was not relevant, but if relevant, highly prejudicial. The court concluded that "the probative value of offering it for gross negligence is outweighed by the prejudicial effect that it may have on the jury in terms of determining or implicating that somehow or another he was under the influence of drugs at the time of the accident."

Huynh contends that the federal motor safety regulations require a driver to submit to drug testing when required by his employer. Section 391.99 of the Code of Federal Regulations regarding reasonable cause testing requirements states the following:

(a) A motor carrier shall require a driver to be tested, upon reasonable cause, for the use of controlled substances.

(b) A driver shall submit to testing, *upon reasonable cause,* for the use of controlled substances when requested to do so by the motor carrier.

(c) The conduct must be witnessed by at least two supervisors or company officials, if feasible. If not feasible, only one supervisor or company official need witness the conduct. The witness or

---

1. A take-nothing judgment was entered against all defendants except R. Warehousing & Port Services, Inc. and Thompson.

witnesses must have received training in the identification of actions, appearance, or conduct of a commercial motor vehicle driver which are indicative of the use of a controlled substance. (emphasis ours)

49 C.F.R. § 391.99(b) (1997). Huynh claims that Thompson was directed to take such a test after the accident and he refused to do so. She proffered the alleged drug test refusal through the testimony of Ronald Daigle ("Daigle"), a former safety inspector for Appellee. Daigle stated that he remembered seeing, after the accident, a written request to Thompson that he submit to a drug test by Dr. Gonzales, a doctor who performed Appellee's drug tests. As far as he knew, Thompson had not complied with the request. Daigle admitted that he never spoke personally to Thompson about it, however. Additionally, we have not been directed to the location in the record of Thompson's refusal or the reason for his refusal.

Huynh claims that evidence of Thompson's refusal was admissible under Rules 401 and 402 of the Texas Rules of Civil Evidence to show his competency as a truck driver, credibility, state of mind, and that Appellee was negligent in entrusting the truck to this driver. We do not agree. Rule 401 provides that "relevant evidence [is any evidence that has] the tendency to make the existence of any fact that is of consequence to the determination of the action more probable ... than it would be without the evidence." TEX. R. CIV. EVID. 401. Similarly, Rule 402 states that "all relevant evidence is admissible...." TEX. R. CIV. EVID. 402. However, Rule 403 acts as a brake when it provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. CIV. EVID. 403.

 The admission and exclusion of evidence is committed to the trial court's sound discretion. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). A trial court abuses its discretion when it acts without regard for any guiding principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In other words, the test is whether the court's action was arbitrary or unreasonable. *Id.* at 242; *Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 532 (Tex.App.—Tyler 1992, writ denied). Reviewing evidentiary rulings involves a two-step analysis. *Hur v. City of Mesquite*, 893 S.W.2d 227, 234 (Tex.App.—Amarillo 1995, writ denied). To obtain reversal of a judgment based upon error of the trial court in admission or exclusion of evidence, the following must be shown: (1) that the trial court did in fact commit error; and (2) that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989); TEX. R. APP. P. 44.1. The Texas Supreme Court has recognized that it is impossible to prescribe a specific test for making the latter determination, and calls it a "judgment call entrusted to the sound discretion and good senses of the reviewing court." *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 821 (Tex.1980). This judgment call must be made by an evaluation of the entire case. *Id.* A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. *City of Brownsville*, 897 S.W.2d at 753–54.

In regard to Huynh's argument that the evidence went to Thompson's credibility, the court could have determined that the excluded evidence was not admissible to impeach Thompson's credibility in light of Rule 608(b). Rule 608(b) explicitly prohibits the impeachment of a witness's credibility by inquiring about specific acts of the witness other than criminal convictions. TEX. R. CIV. EVID. 608(b); *Service Lloyd's Ins. Co. v. Martin*, 855 S.W.2d 816, 823 (Tex.App.—Dallas 1993, no writ) (trial court did not abuse it discretion in excluding evidence contained in a job application to demonstrate the witness' willingness to make misrepresentations for financial gain).

 Furthermore, there is no merit to Huynh's assertion that Thompson's refusal to

take a drug test was relevant to show negligent entrustment and gross negligent entrustment by his employer, R. Warehousing. The trial court properly recognized that a post-accident refusal to submit to a drug test could not have any bearing on a negligent entrustment theory, whether it is based upon plain or gross negligence. The elements of negligent entrustment include: (1) entrustment of the vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that driver's negligence proximately caused the accident. *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 571 (Tex.1985). The act of entrusting the vehicle necessarily takes place before the accident. Subsequent conduct, such as a refusal to take a drug test, has no bearing on a negligent entrustment claim. *See Williams v. Steves Indus., Inc.*, 678 S.W.2d 205, 211 (Tex.App.—Austin 1984), *aff'd*, 699 S.W.2d 570 (Tex.1985) (evidence indicating that defendant allowed driver to operate its vehicles without a license for several months after the accident had no bearing on the nature of the negligent entrustment on the day of the accident). Since liability for gross negligence is based upon the underlying action for negligence, the subsequent action is equally inapplicable to whether the company was grossly negligent in entrusting the vehicle to Thompson. *See Williams*, 699 S.W.2d at 573–74.

■ Huynh apparently recognized that there was at least some merit to Appellee's unfair prejudice objection, since she suggested a limiting instruction to consider the evidence only in relation to negligent entrustment and gross negligence. The trial court overruled this request, however. Evidently, the court determined that a limiting instruction would not have prevented the unfair prejudice. If evidence has clear prejudicial effect on one issue, a limiting instruction to focus the jury's attention only on another issue may not be effective. *See Texas Farmers Ins. Co. v. Stem*, 927 S.W.2d 76, 80 (Tex.App.—Waco 1996, orig. proceeding). Under such circumstances, a jury cannot be expected to parse out the ways in which the evidence can be considered and the ways it cannot. *See Id.*

■ The only possible relevance of the refusal would have been on whether Thompson was in some manner affected by drug use. Certainly it had no tendency to prove his state of mind at the time of the accident or his competency as a truck driver. Thompson denied he was using drugs and there was no evidence contradicting his assertion. The investigating officer did not issue a citation to Thompson, nor did he offer any evidence at trial that Thompson was in any way impaired at the time of the accident.

For the reasons given, the trial court properly excluded the proposed evidence as being irrelevant on the issues it was presented for. And even if the evidence was relevant to some limited purpose, it was not an abuse of discretion for the court to find that it would have been unfairly prejudicial to allow the jury to speculate improperly as to whether Thompson was under the influence of drugs at the time of the accident. *See Russell v. Ramirez*, 949 S.W.2d 480, 485 (Tex.App.— Houston [14th Dist.] 1997, no writ).

The judgment of the trial court is *affirmed.*