Opinion filed March 16, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed March 16, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                             No.
11-05-00011-CV 

 

                                                                   __________

 

                                                     GARY
ATKINSON, Appellant

 

                                                                            V.

 

          NANCY SNODGRASS AND TEXAS FARM BUREAU INSURANCE, Appellees

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown County, Texas

 

                                                Trial
Court Cause No. 02-06-355

 



 

                                               M E M O R A N D U M  O P I N I O N

Gary Atkinson sued Nancy Snodgrass and Texas Farm
Bureau Insurance to recover damages he sustained in a motor vehicle accident
with Ted Horn.  Atkinson alleged that
Snodgrass negligently entrusted a vehicle to Horn and that Farm Bureau was
responsible for a default judgment that he had taken against Horn.  The parties filed cross-motions for summary
judgment.  The trial court granted
Snodgrass and Farm Bureau=s
motion for summary judgment and dismissed Atkinson=s
claims against them.  We affirm.

 








                                                               Background
Facts

Snodgrass asked Horn to repair her pickup=s transmission.  She drove the pickup to Horn=s residence and left it with the
keys.  Horn eventually returned the
pickup to Snodgrass and represented that the transmission had been
repaired.  Snodgrass test-drove the
pickup and discovered that it still did not shift properly.  She told Horn that this was unacceptable and
that she wanted her pickup repaired. 
Horn drove the pickup back to his house. 
Two days later, Horn and his daughter drove the pickup to Lake Brownwood
C approximately forty-five miles from
his house C and were
involved in an accident with Atkinson.

Atkinson sued Horn and Snodgrass.  Horn defaulted, and Atkinson recovered a
default judgment.  Atkinson then added
Farm Bureau (Snodgrass=s
insurer) as a party to enforce his default judgment.  The parties filed cross-motions for summary
judgment.  The trial court denied
Atkinson=s motion
and granted Snodgrass and Farm Bureau=s
motion.

                                                                         Issues

Atkinson challenges the trial court=s ruling with two issues.  Atkinson contends that the trial court erred
when it granted Snodgrass and Farm Bureau=s
motion for summary judgment because there was sufficient evidence to raise fact
questions whether Horn was a permissive user and  whether Snodgrass failed to investigate Horn=s competence as a driver.

                                                              Standard
of Review 

Farm Bureau and Snodgrass=s
motion contained both a traditional and a no-evidence motion for summary
judgment.  Traditional motions are
governed by Tex. R. Civ. P. 166a(c)
which provides that a summary judgment shall be rendered if the evidence
properly before the court indicates that Athere
is no genuine issue as to any material fact and the moving party is entitled to
judgment as a matter of law.@  When a defendant files a traditional motion
for summary judgment, it must either conclusively negate at least one of the
essential elements of a plaintiff=s
cause of action or conclusively establish each element of an affirmative
defense.  Randall=s Food Mkts., Inc. v. Davis,
891 S.W.2d 640, 644 (Tex.
1995).  If a defendant negates an element
of the plaintiff=s claim,
the burden shifts to the plaintiff who must produce evidence creating a genuine
issue of material fact on that disputed element.  Centeq Realty, Inc. v. Siegler, 899
S.W.2d 195, 197 (Tex.
1995).








The trial court must assume that all evidence
favorable to the nonmovant is true and must view the evidence in the light most
favorable to the nonmovant.  Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 491 (Tex. 1996).  The trial court must indulge every reasonable
inference and resolve all doubts in favor of the nonmovant.  Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex.
1997).  We review the trial court=s decision as a question of law and,
therefore, utilize a de novo review applying the same presumptions as are
applicable to the trial court.  Elson
Thermoplastics v. Dynamic Sys., Inc., 49 S.W.3d 891, 896 (Tex. App.CAustin
2001, no pet.).

No-evidence motions are governed by Tex. R. Civ. P. 166a(i). The party
without the burden of proof may file a no-evidence motion after an adequate time
for discovery has passed.  The movant
asks for summary judgment on the ground that the nonmoving party lacks
supporting evidence for one or more essential elements of its claim.  Id.  The trial court must sustain the motion
unless the nonmovant produces sufficient evidence to create a genuine issue of
material fact. Id.

A no-evidence motion for summary judgment is
essentially a directed verdict granted before trial, to which we apply a legal
sufficiency standard of review.  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). 
A no-evidence summary judgment will be sustained when (1) there is a
complete absence of evidence of a vital fact, (2) the court is barred by rules
of law from giving weight to the only evidence offered to prove a vital fact,
(3) the evidence offered to prove a vital fact is no more than a scintilla, or
(4) the evidence conclusively establishes the opposite of a vital fact.  Id.
at 751.

           Did
The Trial Court Correctly Grant Snodgrass=s
Motion For Summary Judgment?

Atkinson sued Snodgrass for negligent
entrustment.  To establish negligent
entrustment, one must prove that there was (1) entrustment of a vehicle by the
owner (2) to an unlicensed, incompetent, or reckless driver (3) that the owner
knew or should have known to be unlicensed, incompetent, or reckless, (4) that
the driver was negligent on the occasion in question, and (5) that this
negligence proximately caused the accident. 
Rosell v. Cent. W. Motor Stages, Inc., 89 S.W.3d 643, 655 (Tex.
App.CDallas
2002, pet. denied).








Snodgrass does not dispute that Horn was driving
her pickup or that his negligence proximately caused the accident.  She contends that there was no evidence:  that he had her permission to drive the
pickup to the lake; that he was unlicensed, reckless or incompetent; or that
she knew or should have known that he was unlicensed, reckless or incompetent.

Atkinson contends that his summary judgment
response sufficiently raised a fact question on each of these elements.  Atkinson produced evidence that Horn did not
have a regular shop but worked out of his house.  Snodgrass had known Horn for only one
month.  He returned her pickup to her
once, incorrectly contending it had been repaired.  She insisted that he take the pickup back to
his house and complete the repair.  Horn
called Snodgrass the day after the accident and told her that he had taken her
pickup to Lake Brownwood to eat supper and that he had
been involved in an accident on the way back. 
She told him to return her pickup.

The fact that Horn worked out of his house rather
than at a regular commercial facility and that his first attempt to repair the
transmission was unsuccessful is no evidence that he was an unlicensed,
reckless, or incompetent driver.  It may
reflect on his mechanical skills but not his driving skills.

Atkinson contends that, when Snodgrass learned
about the accident, she was angry C
not because Horn took her pickup to Lake
 Brownwood C but because he wrecked it.  Atkinson also makes much of the fact that,
after the accident, Snodgrass still told Horn to drive her pickup back.  Even if Atkinson=s
description of Snodgrass=s
reaction is accurate, neither that nor the fact that she asked Horn to drive
the pickup after the accident are material because the act of entrusting the
vehicle necessarily takes place before the accident and, therefore, subsequent
events have no bearing.  See Williams
v. Steves Indus., Inc., 678 S.W.2d 205, 211 (Tex. App.CAustin 1984), aff=d, 699 S.W.2d 570 (Tex.
1985)(evidence indicating that defendant allowed the driver to operate its
vehicles without a license for several months after the accident had no bearing
on the nature of the negligent entrustment on the day of the accident); and Huynh
v. R. Warehousing & Port Servs., Inc., 973 S.W.2d 375, 378 (Tex. App.CTyler 1998, no pet.)(driver=s post-accident refusal to take drug
test was not relevant to negligent entrustment action).








During oral argument, Atkinson contended that Snodgrass
had a duty to investigate Horn and that her failure to do so satisfied the Aknew or should have known@ element.  Atkinson has cited no authority requiring
someone in Snodgrass=s
position to investigate Horn=s
driving record, and we have found none either. 
Moreover, the record is absent as to any indication what a pre-accident
investigation would have revealed. 
Without some evidence that an investigation would have shown that Horn
should not be entrusted with a vehicle, we cannot say that Snodgrass=s failure to investigate his driving
record was the proximate cause of Atkinson=s
accident.  See Provident Am. Ins. Co.
v. Castañeda, 988 S.W.2d 189, 198 (Tex.
1998)(inadequate investigation must be the cause of plaintiff=s harm to constitute an independent
ground of recovery).

Because Atkinson failed to produce any evidence of
Horn=s prior
driving record, he failed to create a material question of fact.  The trial court correctly granted Snodgrass=s no-evidence motion for summary
judgment.  It is unnecessary for us to
address Snodgrass=s
traditional motion for summary judgment. 
Atkinson=s second
issue is overruled.

         Did
The Trial Court Correctly Grant Farm Bureau=s
Motion For Summary Judgment?

Atkinson=s
First Amended Petition alleged the following cause of action against Farm
Bureau:

On January 28, 2003, a Default Judgment was
entered against Defendant TED HORN. 
Please see Final Judgment attached hereto as Exhibit A.  Plaintiff brings suit against Defendant TEXAS
FARM BUREAU INSURANCE in order to enforce this default judgment.

 

Farm Bureau specially excepted to Atkinson=s
allegation.  It also specifically denied
in its answer that Horn was a permissive user at the time of the accident or
that Horn had stated a cause of action. 

Atkinson filed a motion for summary judgment which
contained both a traditional and a no-evidence motion for summary
judgment.  The traditional motion
asserted that, as a matter of law, Horn was a permissive user and that Atkinson=s default judgment against Horn was
fully enforceable against both Snodgrass and Farm Bureau.  Atkinson=s
no-evidence motion alleged that there was no evidence showing that Horn was not
a permissive user.

Farm Bureau moved for summary judgment on its
affirmative defense that Atkinson had failed to state a cause of action for
which relief could be granted.  Farm
Bureau alleged generally that it had no liability for Atkinson=s injuries or the actions of any other
party.[1]








The parties=
pleadings place this case in an awkward procedural position.  Atkinson=s
plain allegation that he had a default judgment which could be enforced against
Farm Bureau does not state a cause of action. 
Texas
is not a direct action state. 
Consequently, one normally may not sue the insurer directly.  See
 State Farm
 County Mut. Ins.
Co. of Texas v. Ollis, 768 S.W.2d 722, 723 (Tex. 1989). 
Atkinson=s First
Amended Petition provides no explanation for why the general rule would not
apply in this case.

Farm Bureau added to the difficulty when it
essentially asserted a general demurrer in a motion for summary judgment.  The Federal Rules of Civil Procedure allow a
motion to dismiss based upon deficiencies in a plaintiff=s
complaint.  Fed. R. Civ. P. 12(b)(6). 
Texas
has no analogous provision.  See Fort
Bend County
v. Wilson,
825 S.W.2d 251, 253 (Tex. App.CHouston
[14th Dist.] 1992, no writ)(motion to dismiss based upon plaintiff=s alleged failure to state facts which
would support a cause of action is an impermissible general demurrer).  The correct approach is to challenge the
pleading defect with a special exception. 
Lewis v. Skippy=s
Mistake Bar, 944 S.W.2d 1, 5 (Tex. App.CFort
Worth 1996), rev=d
on other grounds sub nom. Southland Corp. v. Lewis, 940 S.W.2d 83 (Tex. 1997).

Texas
courts have held that, when there is no action by the trial court sustaining
special exceptions, an order granting a dismissal for failure to state a cause
of action must be reversed.  See
Centennial Ins. Co. v. Commercial Union Ins. Cos., 803 S.W.2d 479, 483
(Tex. App.CHouston
[14th Dist.] 1991, no writ).  The supreme
court, however, has held that this issue can be waived.  San Jacinto
River Auth. v. Duke, 783 S.W.2d
209 (Tex.
1990).  Atkinson did not object to the
form of Farm Bureau=s
motion.  Thus, the trial court did not
commit reversible error when it considered that motion.

Furthermore, despite the language used by the
parties in their motions, it appears that the real dispute was whether Horn was
covered by Snodgrass=s
liability policy.  Because Snodgrass was
insured by Farm Bureau, if Horn was a permissive user at the time of the
accident, he had coverage under her policy. 
Tull v. Chubb Group of Ins. Cos., 146 S.W.3d 689, 695 (Tex. App.CAmarillo 2004, no pet.).  Horn had express permission to drive the
pickup to and from Snodgrass=s
home or business and his residence. 
There is no direct evidence that he had express permission to drive the
pickup to Lake Brownwood.








In Coronado v. Employers= Nat=l
Ins. Co., 596 S.W.2d 502, 505 (Tex. 1979), the supreme court adopted the
minor deviation rule to determine whether use not expressly authorized may
still be permissive use under an automobile policy.  This rule recognizes three categories of
deviations.  First are deviations so
slight that a fact issue is not raised on whether permission was revoked.  Second are deviations of more significance
which raise a fact question.  Third are
deviations that are so gross as to destroy the initial permission as a matter
of law.  Id. at 506.

The supreme court has instructed courts that the
determination of whether a deviation is material requires consideration of the
extent of the deviation in terms of actual distance, time, or purpose.  Id.
at 505.  Horn=s
trip to Lake Brownwood deviated from Snodgrass=s actual permission in two of these
three respects.  Snodgrass gave Horn her
pickup so that he could repair it. 
Activities such as traveling from his residence to hers or test-driving
it to verify the repair would fit this purpose C
taking the pickup to Lake
 Brownwood to eat supper
with his daughter does not.

The record contains evidence of other
deviations.  Horn=s
residence was approximately ten miles from Snodgrass=s
residence.  Lake Brownwood,
however, was forty-five miles away.  The
police report shows that Horn had been drinking and that, in the opinion of the
investigating officer, alcohol played a role in the accident.

Merely because Horn=s
actions were outside Snodgrass=s
express permission is insufficient to make him a nonpermissive user as a matter
of law.  For example, Texas courts have refused to adopt a rule
that any use of a company vehicle in violation of company policy is
automatically nonpermissive use.  Coronado,
596 S.W.2d at 506; Tull, 146 S.W.3d at 696.  But, violation of company policy or express
instructions is a relevant inquiry; and, in factual situations similar to this,
courts have held that nonpermissive use was established as a matter of law.

For example, in Tull, the driver used a
company vehicle after work to take her boyfriend to a friend=s house.  The driver was involved in an accident and
was eventually convicted of DWI.  Driving
after hours, on a personal mission, while drinking, and with a nonemployee
passenger were all violations of company policy.  The Amarillo Court of Appeals held that as a
matter of law these deviations made the driver a nonpermissive user.  Id.
at 696-97.  See also Royal Indem. Co.
v. H. E. Abbott & Sons, Inc., 399 S.W.2d 343, 347 (Tex. 1966)(employee
who took ranch pickup on personal errand to San Angelo, which was thirty miles
from the ranch, was not a permissive user).








We hold that, as a matter of law, Horn was not a
permissive user when he took a pickup that had been entrusted to him for a
transmission repair to Lake
 Brownwood on a personal
mission.  Atkinson=s
first issue is overruled.

                                                                     Conclusion

The trial court correctly granted Snodgrass and
Farm Bureau=s Motion
for Summary Judgment.  There was no
evidence that Snodgrass violated any duty to Atkinson when she gave Horn her
pickup so that he could repair the transmission.  Snodgrass had no duty to investigate Horn=s driving record, nor was any evidence
given to the trial court establishing that Horn was an unlicensed, incompetent,
or reckless driver.  Finally, the evidence
established that, as a matter of law, Horn was not a permissive user at the
time of the accident and, therefore, that he had no coverage under Snodgrass=s liability policy.  

The judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

March 16, 2006

Panel
consists of: Wright, C.J., and

McCall,
J., and Strange, J.











[1]We note that the same counsel represented both
Snodgrass and Farm Bureau.  Care should
be exercised in such a situation because, by disclaiming any responsibility for
the actions of any other party which would necessarily include the insured, a
potential conflict of interest was created. 
See Farmers Texas County Mut. Ins. Co. v. Wilkinson, 601 S.W.2d
520, 522 (Tex. Civ. App.CAustin 1980, writ ref=d
n.r.e.)(noting apparent conflict of interest when an insurer represents the
insured while simultaneously formulating its defense against the insured for
noncoverage).